UNITED STATES of America, Plaintiff,

v.

J.M. TAYLOR, et al., Defendants.

No. 3:89CV00231.

United States District Court,
M.D. North Carolina,
Rockingham Division.

Feb. 27, 1996.

Lawrence W. Puckett, Robin E. Lawrence, Environmental Enforcement Section, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, Charles V. Mikalian, United States Environmental Protection Agency, Region IV, Atlanta, GA, for Plaintiff.

Richard E. Fay, Petree Stockton, L.L.P., Charlotte, NC, Counsel for Shell Oil Company and Liaison Counsel for E.I. DuPont de Nemours & Company, Inc., Olin Corporation, UCI Holdings, Inc., Hercules Incorporated, The Boots Company (USA) Inc., NOR–AM Chemical Company, Shell Oil Company, Mobil Oil Corporation and Third–Party Defendant American Cyanamid Company.

Thomas McKee Dee, Jerry Kevin Ronecker, Husch & Eppenberger, St. Louis, MO, for Olin Corporation.

R. Howard Grubbs, Jeffrey L. Furr, Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, Counsel for Ciba–Geigy Corporation and Liaison Counsel for J.M. Taylor, George D. Anderson, Grower Service Corporation, Farm Chemicals, Inc., Ciba Geigy Corporation, and Union Carbide Corporation.

David E. Nash, Thompson, Hine & Flory, Cleveland, OH, for Mobil Oil Corporation.

Michael B. Victorson, Robert E. Lannan, Robinson & McElwee, Charleston, WV, for Kaiser Aluminum & Chemical Corporation.

John A. Andreason, McGrath North Mullin & Kratz, P.C., Omaha, NE, for Grower Service Corporation.

L. Neal Ellis, Jr., Christopher G. Browning, Jr., Matthew P. McGuire, Hunton & Williams, Raleigh, NC, for Union Carbide Corporation.

## ORDER

ELIASON, United States Magistrate Judge.

The matter before the Court concerns the extent of the duty which Fed.R.Civ.P. 30(b)(6) imposes on a corporation or other entity to conduct an investigation prior to its deposition. Plaintiff United States has served a Rule 30(b)(6) notice of deposition on defendant Union Carbide Corporation (UCC).[1] In like fashion, the Court must also decide the obligations of investigation imposed on a party by Fed.R.Civ.P. 36, in this case by plaintiff's Rule 36 request that UCC authenticate certain documents. Finally, the Court resets the expert discovery schedule as to that phase of this case which involves defendants' liability to plaintiff.

## I.

### Facts

The situation is complicated by two factors. First, this is a CERCLA[2] case involving numerous defendants. Second, the case has been pending since 1989 and the incidents themselves go back decades. Knowledgeable people have died, memories have faded, and the corporate division of UCC (i.e. Grower Service) was sold years prior to the initiation of this litigation.

In this action, the United States seeks to recover costs of cleaning up a Superfund site known as the "Aberdeen Pesticide Site." In addition, plaintiff now claims UCC is liable, not just for its own acts of pollution, but also as an owner or operator by virtue of its control of Grower Service. Plaintiff did not assert this theory until October 1995, approx-

imately one month before fact discovery in the first phase of this case (defendants' liability to plaintiff) was scheduled to conclude. While the issue was presented earlier in a third-party complaint and cross-claims by the "other defendants,"[3] the CMSO provided for a later discovery deadline on those claims because they would not be tried until after the issue of defendants' liability to plaintiff had been decided. Thus, by amending its complaint, plaintiff has moved discovery on this more complex issue to the forefront.

The deposition topics address owner/operator claims brought against UCC by plaintiff in its Fourth Amended Complaint, and by certain defendants in cross-claims. Moreover, the deposition topics cover time periods from 1959 through 1981. Because UCC sold Grower in 1981, most of the individuals with personal knowledge about the UCC/Grower relationship may no longer be employed by UCC or may be deceased.

Because of the above problems, UCC moved for a protective order quashing the Rule 30(b)(6) notice. The Court addressed that motion at a status hearing held November 16, 1995, and on November 22, 1995, the Court entered a written order granting in part and denying in part UCC's motion for a protective order. (Pleading no. 707). On November 30, 1995, UCC filed a motion for clarification and a motion for modification of that order. On December 15, 1995, the Court granted UCC's motion for clarification, but denied the motion for modification. (Pleading no. 733).

The parties proceeded with the Rule 30(b)(6) deposition of UCC on December 19, 1995. Problems arose and on December 22, 1995 the Court conducted a conference call. Plaintiff and the other defendants presented evidence (including an excerpted transcript of testimony given at the deposition) indicat-

---

1. UCC, in turn, has also served a Rule 30(b)(6) notice of deposition on defendant Grower Service. This has not generated the same controversy as plaintiff's notice to UCC and is summarily addressed in the order section.

2. Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675. CERCLA's primary purpose is prompt cleanup of hazardous waste sites.

3. Interestingly, UCC was first made a party to this action on June 11, 1990 when its former subsidiary Grower Service filed a third-party complaint against it. Thereafter, plaintiff added UCC as a defendant, but did not initially charge it under an owner/operator theory of liability. However, the other defendants did allege this theory in cross-claims.

ing that UCC had not adequately prepared witnesses for the deposition as required by this Court's decision in *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C.1989). UCC replied that it did not believe it was subject to the *Marker* requirements based on prior communications where it felt the Court approved that UCC,

> would provide the information that it reasonably could for the topics set out on the 30(b)(6) notice of deposition, and after that time period, Carbide would then do its best to identify the retired employees that would be in a position to speak on the topics where we simply have no current corporate knowledge. That is, where we don't have documents, where we don't have current employees who could testify on the items set out in the 30(b)(6) notice of deposition.

(Transcript of Telephonic Conference Call Hearing, Dec. 22, 1995, at 5).[4]

The Court informed UCC that this procedure did not meet their obligations and that in prior communications the Court had intended only to make UCC aware that if it did not have any employees who had any knowledge about a topic, it was not required to provide an answer and thereby take a stance or assert a position, but as a consequence, it also could not offer any evidence, direct or rebuttal, or argument at trial as to that topic. The situation where a corporation lacks employees with knowledge about a topic has not received extensive judicial attention. Therefore, after giving UCC every benefit of the doubt in regard to this potential misunderstanding, and finding it to be a mitigating circumstance, the Court decided not to sanction UCC for responses during the deposition that the Court otherwise found unacceptable.

The parties were instructed to draft a proposed order reflecting the Court's concerns regarding UCC's failure to comply with the requirements of Rule 30(b)(6) and *Marker*,

and the Court's decisions regarding potential sanctions, as discussed in the conference call. Unable to agree on a joint proposal, plaintiff and certain defendants submitted one proposal, and UCC submitted another. The Court has utilized those parts where the parties agreed and has resolved their differences in this Order.

## II.

### Resolution of Disputed Issues

The following discussion reflects the Court's reasoning in resolving some of the more important of the disputed issues concerning the Court's pronouncements during the telephone conference call. Other disputes are resolved without discussion and are merely set forth in the numbered provisions of the Order below.

■ UCC proposed that "[a]ny designee testifying in a particular area shall be deemed competent to testify in that area at trial, and such deposition testimony shall be admissible by any party at the trial of this matter." (UCC Proposed order, at 1, ¶ 2, Jan. 18, 1996). The Court agrees with plaintiff that this provision does not comport with the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Discoverable matters are not necessarily admissible at trial, and Fed.R.Civ.P. 32 provides the proper mechanism for using depositions at trial. Furthermore, the Federal Rules of Evidence must be followed in determining the competency of trial witnesses.

### II.A.

### Rule 30(b)(6) Depositions

■ UCC further proposed that the order state that:

> If despite good faith efforts by Union Carbide to prepare its designees, a designee is unable to respond to a specific area of

---

4. UCC further stated that they,

> thought that what [they] were required to do was to produce present employees, speak on the issues of which they had knowledge, when we came to the end of that process, if there were matters that they didn't cover, and we realized that there were quite a few matters

that they didn't cover, we understood the court to say that at that point we would turn over this list of people—former employees who may have knowledge or information about those matters that weren't covered and then leave it up to the government.

(Transcript of Telephonic Conference Call Hearing, Dec. 22, 1995, at 8).

inquiry, Union Carbide may call other witnesses to testify on that subject at the trial of this matter provided that Union Carbide identifies such witnesses prior to the close of the 30(b)(6) Deposition transcript. Union Carbide's failure to designate a witness on a particular topic or sub-topic shall not preclude Union Carbide's ability to make arguments at trial with respect to such topic or sub-topic based upon testimony or documents admitted by otherwise competent means (e.g., previous deposition testimony and documents previously produced in discovery).

(UCC proposed order, at 1–2, ¶ 2). This provision directly implicates a corporation's duty to prepare for a Rule 30(b)(6) deposition. It is also directly contrary to the Court's pronouncements in the December 22, 1995 conference call, and for the reasons below does not accurately set out a corporation's duties.[5]

> Rule 30(b)(6) states in pertinent part that:
> [a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.... The persons so designated shall testify as to matters known or reasonably available to the organization.

Fed.R.Civ.P. 30(b)(6).

The provision was added in 1970 in order to avoid the difficulties encountered by both sides when the examining party is unable to determine who within the corporation would be best able to provide the information sought, to avoid the "bandying" by corporations where individual officers disclaim knowledge of facts clearly known to the cor-

poration, and to assist corporations which found an unnecessarily large number of their officers and agents were being deposed. Rule 30(b)(6) gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf. Fed.R.Civ.P. 30(b)(6) advisory committee's note. For a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity, and the corporation must designate and adequately prepare witnesses to address these matters.

In the instant case, the areas of inquiry in plaintiff's Rule 30(b)(6) notice have been addressed in oral argument, and in two prior written orders. Thus, at this point, the Court finds that the areas of inquiry meet the "reasonable particularity" requirement, obligating UCC to proceed.

## II.B.

### The Duty to Designate and Prepare Witnesses

Once served with a Rule 30(b)(6) notice, the corporation is compelled to comply, and it may be ordered to designate witnesses if it fails to do so. 8A Charles A. Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 2103, at 33 (2d ed. 1994) [hereinafter Wright & Miller]. As this Court noted in *Marker*,

> [a] notice of deposition made pursuant to Rule 30(b)(6) requires the corporation to produce one or more officers to testify with respect to matters set out in the deposition notice or subpoena. A party need only designate, with reasonable particularity, the topics for examination. The corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete,

---

**5.** The Court has included a provision in the Order below to allow UCC to immediately designate and prepare a substitute deponent if, despite good faith efforts by UCC to prepare a deponent, the deponent is unable to respond to a specific area of inquiry. *See Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989) (noting that even where defendant in good faith

thought deponent would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its designation became apparent during the course of the deposition, and to act immediately where plaintiff had traveled out of state to defendant's offices placing defendant in a better position to take care of exigencies).

knowledgeable and binding answers on behalf of the corporation. *Marker, supra*, at 126 (citing *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196 (E.D.Tenn.1986); *Mitsui & Co. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62 (D.P.R. 1981)).

The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. 8A Wright, Miller & Marcus § 2103, at 36–37. "Obviously it is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the information sought must be obtained from natural persons who can speak for the corporation." 8A Wright, Miller & Marcus, § 2103, at 30. The corporation appears vicariously through its designee. *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir.1993). If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995) (citing *Marker*, 125 F.R.D. at 126). Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Buycks–Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 338, 343 (N.D.Ill.1995); *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992).

The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. *U.S. v. Massachusetts Indus. Finance Agency*, 162 F.R.D. 410, 412 (D.Mass.1995); *Lapenna .v. Upjohn Co.*, 110 F.R.D. 15, 21 (E.D.Pa.1986); *Toys "R" Us, Inc. v. N.B.D. Trust Company*, No. 88C10349, 1993 WL 543027, at *2 (N.D.Ill. Sept. 29, 1993). More-over, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. *Lapenna*, 110 F.R.D. at 20. The corporation must provide its interpretation of documents and events. *Ierardi v. Lorillard, Inc.*, Civ. A. No. 90–7049, 1991 WL 158911 (E.D.Pa. Aug. 13, 1991). The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. *See Lapenna*, 110 F.R.D. at 25. Truth would suffer.

While the Rule 30(b)(6) deposition of a corporation and an individual are similar, there is one factor which can distinguish them. An individual's personal memory is no more extensive than his or her life. However, a corporation has a life beyond that of mortals. Moreover, it can discharge its "memory," i.e. employees, and they can voluntarily separate themselves from the corporation. Consequently, it is not uncommon to have a situation, as in the instant case, where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased. *See Dravo Corp.*, 164 F.R.D. at 75; *U.S. v. Massachusetts Indus. Finance Agency*, 162 F.R.D. at 412. These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. *Ierardi v. Lorillard, Inc., supra.* Of course, just like in the instance of an individual deponent, the corporation may plead lack of memory. However, if it wishes to assert a position based on testimony from third parties, or their documents, the designee still must present an opinion as to why the corporation believes the facts should be so construed. The attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney

must advocate.[6]

■ The Court agrees with plaintiff that UCC must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits. In this manner, UCC can state its corporate position at the Rule 30(b)(6) deposition with regard to the prior deposition testimony. Rule 30(b)(6) explicitly requires UCC to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

UCC does not fulfill its obligations at the Rule 30(b)(6) deposition by stating it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available, and then at the trial argue a different position. UCC seems now to concede that it could not take such a position at the deposition and then use its own documents or personnel to so testify at trial. However, it claims a right to deny knowledge or position now, but then at trial to rely on the documents and testimony of others or to at least present argument that the evidence presented by others does not reflect the state of facts as contended by those parties.

This suggested procedure assumes that the attorneys can directly represent UCC's interest on their own as opposed to merely being a conduit of the party. This, of course, is not true. If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination. A party's trial attorney normally does not fit that bill.[7] Therefore, if a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change.[8] See *Ierardi v. Lorillard, Inc.,* su-

---

**6.** When the Court indicates that the Rule 30(b)(6) designee gives a statement or opinion binding on the corporation, this does not mean that said statement is tantamount to a judicial admission. Rather, just as in the deposition of individuals, it is only a statement of the corporate person which, if altered, may be explained and explored through cross-examination as to why the opinion or statement was altered. *W.R. Grace & Co. v. Viskase Corporation,* No. 90C5383, 1991 WL 211647 (N.D.Ill. Oct. 15, 1991). However, the designee can make admissions against interest under Fed.R.Evid. 804(b)(3) which are binding on the corporation. *Ierardi v. Lorillard, Inc.,* Civ. A. No. 90–7049, 1991 WL 158911, at *3 (E.D.Pa. Aug. 13, 1991).

**7.** Some inquiries are better answered through contention interrogatories wherein the client can have the assistance of the attorney in answering complicated questions involving legal issues. Fed.R.Civ.P. 33(c). Nothing said here is meant to foreclose such a procedure merely because a party is a corporation subject to Fed.R.Civ.P. 30(b)(6). Contention interrogatories do not implicate attorney work product. *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d

1007, 1017 (1st Cir.1988); *King v. E.F. Hutton & Co., Inc.,* 117 F.R.D. 2, 5 n. 3 (D.D.C.1987). Contention interrogatories of limited scope are proper toward the end of discovery. *B. Braun Medical Inc. v. Abbott Laboratories,* 155 F.R.D. 525 (E.D.Pa.1994); *In re Convergent Technologies Securities Lit.,* 108 F.R.D. 328 (N.D.Cal.1985). Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination. *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 286 (N.D.Cal.), *rev'd on other grounds,* 765 F.Supp. 611 (N.D.Cal.1991) (contention interrogatory, not Rule 30(b)(6) deposition, more appropriate in very complex and highly technical lawsuit); *Protective Nat. Ins. v. Commonwealth Ins.,* 137 F.R.D. 267, 282–83 (D.Neb.1989) (Rule 30(b)(6) deposition, not contention interrogatories, more appropriate where designee has expertise to answer questions.)

**8.** This does not mean that such a party could not argue against the factual conclusions asserted by an opponent from the opponent's evidence. What the corporation cannot do is have the attorney assert that the facts show a particular posi-

*pra*, at *3. Otherwise, it is the attorney who is giving evidence, not the party.

■ UCC may not, as it suggests, review previous deposition testimony and documents previously produced in discovery after the deposition has concluded to then determine its corporate position. The time for preparation is now. UCC has been given an additional four months to prepare, and represented to the Court during the December 22, 1995 conference call that this amount of time would be sufficient. Furthermore, it is significant that in plaintiff's proposed order which is adopted in part herein, Grower Service is under the same obligation as UCC to adequately prepare for its Rule 30(b)(6) deposition, and Grower Service concurred with plaintiff's proposed order.

### III.

#### Sanctions

■ Turning to the issue of sanctions; Rule 37(b)(2) allows the Court to impose sanctions on a party that fails to obey a court order to provide or permit discovery. Rule 37(d) allows the Court to impose sanctions where a party or person designated under Rule 30(b)(6) fails "to appear before the officer who is to take the deposition, after being served with proper notice." Fed.R.Civ.P. 37(d). Producing an unprepared witness is tantamount to a failure to appear. *Resolution Trust Corp. v. Southern Union*, 985 F.2d at 197. The Rule provides a panoply of sanctions, from the imposition of costs to entry of default. Fed.R.Civ.P. 37(b)(2).

■ In this case, plaintiff worries that UCC will claim at its Rule 30(b)(6) deposition that it has no corporate knowledge of designated matters, and then, after the deposition has concluded, state that after further effort it does indeed have corporate knowledge of a designated matter. Such a strategy renders the Rule 30(b)(6) deposition a nullity. Consequently, plaintiff wants the Court to warn UCC that it will be precluded from asserting

a position at trial different than the position taken at its deposition, or any position at trial where none was taken during the deposition and the information forming the basis of that position was known or reasonably available to UCC prior to or during the deposition. The Court generally agrees with plaintiff's position but hesitates to adopt it in absolute form. For example, information could be discovered in good faith later that could form the basis for a position UCC may wish to assert at trial and was unable to assert at the deposition. As stated previously, answers given at a Rule 30(b)(6) deposition are not judicial admissions. *See* n. 6 & 8, *supra*. On the other hand, inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings.

### IV.

#### Rule 36 Sanctions

■ The Rule 36 admissions concerning documents raise a similar matter of what constitutes a reasonable inquiry. The rule requires that,

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed.R.Civ.P. 36(a). Rule 36 requires substantial compliance. 8A Wright, Miller & Marcus, § 2252, at 523. A party must give reasons for a claimed inability to respond. It is not enough to claim lack of knowledge. A party must show the information is not reasonably within its power to obtain. *Id.* § 2261.

■ In the instant case, plaintiff and the other defendants have documents which, on their face, appear to come from or were sent to UCC or its former subsidiaries. Because the copies came from others, UCC has de-

---

tion on a topic when, at the Rule 30(b)(6) deposition, the corporation asserts no knowledge and no position. At trial, UCC will be required to make an evidentiary showing to support such a change in position. *Ierardi v. Lorillard, Inc. su-*

*pra*, at *3 (timely notice of correction required.) This Order merely reduces the chance of such a disruptive situation by making the corporation do a thorough investigation before the deposition, and not just before the trial.

nied their authenticity without checking their own files. This does not comply with their duty under Rule 36. The Court sets out UCC's duties in Paragraphs A.12–15 of the Order section.

## V.

### *Expert Discovery*

█ Regarding expert witness discovery, UCC proposed that the February 15, 1996 deadline set by an earlier order of this Court remain for plaintiff's designation of experts with respect to its liability claims and for defendants' designation of experts with respect to any affirmative defenses. UCC then proposed that plaintiff's and certain defendants' designation of experts on issues relating to UCC's alleged owner/operator liability be completed thirty days after the conclusion of the UCC Rule 30(b)(6) deposition, and that UCC's designation of experts on this issue be completed ninety days after the conclusion of the deposition.

Plaintiff proposed that all parties be given 45 days after the completion of the deposition to designate expert witnesses regarding defendants' liability to plaintiff, and 75 days after that to designate rebuttal experts.

Aside from the delay in taking the Rule 30(b)(6) deposition of UCC, the time for fact discovery in this case is nearing conclusion. Furthermore, this deposition mainly concerns the owner/operator theory asserted against UCC and expert testimony on this issue will not be extensive inasmuch as this is mainly a legal issue concerning corporate responsibility. Additionally, it is UCC which bears the greater burden in preparing for the Rule 30(b)(6) deposition. Yet, it is willing to complete designation of expert witnesses regarding defendants' liability to plaintiff (not including the owner/operator theory) by the Court's earlier deadline. Thus, the other parties can and should be working on their expert witness designations now. In light of these considerations, the Court finds it fair to require all parties to designate expert witnesses within thirty days following the conclusion of the time to complete the UCC Rule 30(b)(6) deposition, as set out below. The CMSO is further amended below to set additional deadlines regarding expert discovery.

Last, UCC requested an oral hearing regarding the form of this order. That request is denied. The parties were provided sufficient opportunity for oral argument during the December 22, 1995 conference call.

Wherefore, in light of the foregoing,

**IT IS HEREBY ORDERED THAT:**

### A. *UNION CARBIDE*

1. The Rule 30(b)(6) deposition of UCC shall resume on or before the week of April 15, 1996.

2. For each deposition topic or subject of examination or area of inquiry in Revised Attachment A to the United States' Notice of Deposition of Union Carbide (hereinafter referred to as "Attachment A"), as amended and limited by this Court's Orders dated November 22, 1995, and December 15, 1995, as to which UCC intends to present evidence at trial through testimony or deposition exhibits, UCC shall designate one or more current or former employees or other designees to testify on behalf of UCC on that area of inquiry at the Rule 30(b)(6) deposition.

3. By March 29, 1996, UCC shall state in writing to plaintiff and certain defendants the identity of all persons who UCC will designate as deponents at the Rule 30(b)(6) deposition, their availability for examination, and for each such person, UCC shall specifically identify each area of inquiry and/or subarea of inquiry and the period of time as to which such person will testify.

4. At the Rule 30(b)(6) deposition of UCC, UCC shall produce its designated deponents sequentially in the order of the areas of inquiry numbers 1 through 76 set forth in Attachment A, unless the parties agree otherwise.

5. On or before April 5, 1996, counsel for UCC and plaintiff shall confer and attempt in good faith to: (1) identify subparts of the Rule 30(b)(6) Notice that are repetitive and overlapping, and (2) order the sequencing of witnesses in a logical fashion so as to eliminate, to the extent possible, the necessity of calling a single witness on multiple dates, to

promote efficiency and convenience of the parties, and an expeditious conclusion of the deposition.

6. If, despite good faith efforts by UCC to prepare its designee, a designee is unable to respond to a specific area of inquiry, UCC shall immediately designate and prepare a substitute to testify to that area of inquiry.

7. By no later than March 29, 1996, but as soon as feasible before the continuation of the Rule 30(b)(6) deposition of UCC, for each area of inquiry in Attachment A, (i.e., for each numerical area of inquiry), plaintiff and certain defendants shall provide UCC with a list of documents, deposition transcripts and deposition exhibits that they intend to use at the deposition in examining UCC. This does not limit the right of plaintiff and certain defendants in good faith to identify and use additional documents, deposition transcripts and deposition exhibits at the UCC deposition. Nor does this paragraph in any way limit or waive UCC's obligations as set forth in this Court's present Order and previous Orders and directives to identify documents, deposition transcripts and deposition exhibits responsive to the Rule 30(b)(6) Notice of Deposition areas of inquiry, or to otherwise conduct a reasonable inquiry to ascertain corporate knowledge.

8. UCC shall ensure that its designees for specific topics have reviewed and are familiar with the documents, deposition transcripts and deposition exhibits identified by plaintiff and certain defendants for that topic, and are knowledgeable and prepared. In addition, UCC has an independent duty under Rule 30(b)(6) to prepare for the deposition, including a duty to identify relevant documents, deposition transcripts and deposition exhibits regarding each area of inquiry in Attachment A, and to prepare its designated deponents on such documents, deposition transcripts and deposition exhibits.

9. UCC must comply with the requirements imposed upon a Rule 30(b)(6) deponent under *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, in preparing its designated deponents for testimony about the areas of inquiry set forth in Attachment A.

10. UCC may choose not to designate a deponent to testify at its Rule 30(b)(6) deposition on one or more particular areas of inquiry in Attachment A. However, for each area of inquiry or sub-area of inquiry in Attachment A as to which UCC does not designate a deponent to testify and thereby takes the position that it has no corporate knowledge and position on that area, UCC will not, without extremely good cause shown, be allowed to introduce evidence consisting of documents prepared, sent or received by UCC, or of testimony of current or former UCC employees to affirmatively support or oppose a designated claim or defense with respect to the area of inquiry, and in addition, it may be prohibited from introducing any evidence as to such area of inquiry, pursuant to Fed.R.Civ.P. 37(b)(2)(B). All claims of newly discovered evidence to support an exception to this portion of the Order will be strictly scrutinized.

11. If UCC intends at trial to introduce deposition exhibits, documents or prior fact witness deposition testimony as its corporate knowledge of facts concerning the same topics that are described as areas of inquiry in Attachment A, UCC must, at its Rule 30(b)(6) deposition, designate a deponent who will testify about UCC's corporate knowledge and opinion with respect to testimony, facts and factual assertions in those deposition transcripts, deposition exhibits and documents, or portions thereof, including, but not limited to, whether or not UCC adopts or refutes testimony, facts and factual assertions in those deposition transcripts, deposition exhibits and documents, or portions thereof, as its corporate knowledge or position with respect to particular areas of inquiry.

12. As soon as feasible, UCC shall conduct good faith negotiations with plaintiff and certain defendants on authentication of all documents and deposition exhibits as to which plaintiff or any defendant seeks authentication (i.e., the documents referred to in Deposition Topics Nos. 62 and 63).

13. By February 29, 1996, UCC shall identify each document or deposition exhibit as to which it refuses to agree or stipulate to

authenticity, and state the basis for its refusal.

14. Unless UCC elects not to challenge the authenticity of a document or deposition exhibit, UCC shall look within its and its counsel's document archives for any document or deposition exhibit which appears to have been authored by UCC or its agents or received by UCC or its agents before UCC makes a stipulation decision. If UCC refuses to stipulate to the authenticity of any document or deposition exhibit which appears to have been authored by UCC or its agents or received by UCC or its agents on the ground that such document was not located in UCC's (or its attorneys') files or records, but rather came from another party's records or archives (such as Grower Service's files or Department of Justice files), UCC's counsel shall certify to the Court that UCC has specifically searched for a copy of such document in its and its attorneys' possession, and has taken all other reasonable efforts to authenticate the document and yet has good reason for denying the authenticity of the document. The certification shall state the reason for denying authenticity. Plaintiff and certain defendants may examine UCC at its Rule 30(b)(6) deposition concerning the scope and extent of UCC's search for any such documents. In the event that the Court finds that UCC lacks good faith in failing to authenticate any documents or deposition exhibits, the Court shall impose such sanctions as it deems just under Fed.R.Civ.P. 37.

15. The parties are forewarned that the Court may impose sanctions under Fed.R.Civ.P. 37, including contempt of court for any further violations of their obligations under Rule 30(b)(6), or of this Court's orders or decisions concerning the conduct of the Rule 30(b)(6) deposition of UCC.

16. The Rule 30(b)(6) deposition of UCC shall conclude on or before May 1, 1996.

### B. *GROWER SERVICE*

17. With respect to UCC's Rule 30(b)(6) Deposition of Grower Service, Grower Service shall have obligations reciprocal to those set forth above for UCC.

18. By no later than March 29, 1996, or 15 days prior to UCC's Rule 30(b)(6) deposition of Grower Service, whichever is earlier, UCC shall provide Grower with a list of documents, exhibits (organized by topics and subtopics as set forth in the Rule 30(b)(6) Notice), and deposition transcripts that UCC intends to use at the examination of Grower Service. Grower Service shall ensure that its designees for specific topics have reviewed and are familiar with the documents, deposition exhibits and transcripts identified by UCC for that topic. This does not limit the right of other parties in good faith to identify and use additional documents, deposition transcripts, or deposition exhibits at the deposition of Grower Service. Nor does this paragraph in any way limit or waive Grower Service's obligation to identify documents, deposition exhibits and transcripts responsive to the areas of inquiry in the Rule 30(b)(6) Notice of Deposition.

### C. *EXPERT WITNESSES*

19. Paragraphs VII.B.1. and B.2. of the CMSO are hereby modified to provide that plaintiff shall designate its expert witnesses and provide the Fed.R.Civ.P. 26(a)(2)(B) report and defendants shall designate their experts on their affirmative defenses on the issue of defendants' liability to plaintiff and provide the Rule 26(a)(2)(B) report by June 1, 1996 and begin expert depositions.

20. Paragraphs VII.B.3.a. and B.3.b. of the CMSO are hereby modified to provide that plaintiff and defendants shall identify and exchange Rule 26(a)(2)(B) reports as to their rebuttal expert witnesses on or before July 15, 1996.

21. Paragraph VII.B.4. of the CMSO is hereby modified to provide that all depositions of expert witnesses on defendants' liability to plaintiff shall be completed by August 15, 1996.

22. Paragraph VII.C. of the CMSO is hereby modified to provide that all requests for admissions on all issues concerning defendants' liability to plaintiff shall be propounded by plaintiff and defendants by September 1, 1996, with the exception that follow-up requests may be propounded after that date,

but only if responses are due on or before October 15, 1996.

23. Paragraph VII.D. of the CMSO is hereby modified to provide that all discovery on defendants' liability to plaintiff, including responses, shall be completed by October 15, 1996.

