**Emmett HYDE**

v.

**STANLEY TOOLS**

**No. Civ.A.98–2757.**

United States District Court,
E.D. Louisiana.

April 7, 2000.

David J. Maraldo, Metairie, LA, Charles Scott Labarre, Gauthier, Downing, La-barre, Beiser & Dean, Metairie, LA, for Plaintiff.

Steven Barth Witman, Law Offices of Steven B. Whitman, Metairie, LA, for Stanley Tools.

Richard S. Vale, William Clay Cruse, L.L.P., Metairie, LA, for Boh Bros. Construction.

BARBIER, District Judge.

On March 1, 2000, this Court denied plaintiff's **Motion for Partial Summary Judgment on the Issue of Liability (Or, in the Alternative, Product Identification and Defect) or, Alternatively, Motion to Strike** (Rec.Doc. 63) based upon the affidavit and report of Stanley Tools engineer Kenneth Hreha which concluded that the hammer at issue was not manufactured by Stanley Tools. Hreha's affidavit was filed in opposition to plaintiff's motion for summary judgment and more than six months after a Rule 30(b)(6) deposition of Stanley Tools' corporate representative Russell Powers where he attested under no uncertain terms that the hammer was manufactured by Stanley Tools. Powers testified that he determined it was a Stanley Tools hammer after close inspection of the hammer, including microscopic inspection, and comparing the hammer to Stanley drawings and specifications. Powers further determined that the hammer was manufactured by Stanley between 1983 and 1986. Stanley's engineer, Hreha, was present throughout Powers' deposition.

The Court revisits its ruling upon further contemplation of the purpose of a Rule 30(b)(6) deposition. In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. *See United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996) (noting that in a Rule 30(b)(6) deposition "[t]he corporation appears vicariously through its designee"). "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corpo-

ration's 'position' on the topic." *Id.* (citing cases). The designee testifies on behalf of the corporation and holds it accountable accordingly. *See Starlight Int'l, Inc., v. Herlihy,* 186 F.R.D. 626, 638 (D.Kan.1999) (holding that a corporation has a duty under Rule 30(b)(6) to provide someone who is knowledgeable in order to provide "binding answers on behalf of the corporation") (quoting *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.,* 1995 WL 625962, at *13 (D.Kan.1995)).

■ Stanley should not be allowed to defeat Hyde's motion for summary judgment based upon its self-serving abuse of a Rule 30(b)(6) deposition. In situations where the non-movant in a motion for summary judgment submits an affidavit which directly contradicts an earlier deposition and the movant has relied upon and based its motion on the prior deposition, courts may disregard the later affidavit. *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 495 (5th Cir.1996). That is plainly the case here. Hreha's late filed affidavit and report attempts to contradict Stanley's prior sworn testimony that the hammer was manufactured by it.

However, courts have allowed a contradictory or inconsistent affidavit to nonetheless be admitted if it is accompanied by a reasonable explanation. *See id.; Perma Research & Development Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir.1969). Stanley argues that the contradiction is understandable or reasonable because Hreha's analysis is more extensive. This type of explanation is unacceptable and ignores Stanley's duties under Rule 30(b)(6). Stanley has not alleged that it did not have access to material facts prior to the 30(b)(6) corporate deposition, *see* Fed. R. Civ. Proc. 56(f) (providing a basis to defeat a motion for summary judgment should the non-movant be unable to acquire essential facts), that the expert report was based on newly discovered evidence, *see*

*Infax,* 72 F.3d at 495, or that Powell was somehow confused or made an honest mistake, *see Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 894 (5th Cir.1980) (reversing the district court's grant of motion for summary judgment because it found that, although defendant's deposition contradicted his later affidavit on a dispositive fact, the contradiction could well have been attributed to a legitimate reason).

Furthermore, striking Hreha's affidavit and expert report and granting plaintiff's Motion for Summary Judgment on the issue of product identification promotes the orderly disposition of litigation and affirms the notions of justice and fair play. *See Radobenko v. Automated Equipment Corp.,* 520 F.2d 540, 544 (9th Cir.1975) (holding that allowing the non-movant to create a genuine issue of material fact based upon self-serving, contradictory depositions and affidavits undermines the "utility of summary judgment as a procedure for screening out sham issues of fact") (quoting *Perma Research,* 410 F.2d at 578); *Taylor,* 166 F.R.D. at 368 ("[W]hen a party does not fully prepare for its Rule 30(b)(6) deposition, the other parties are severely prejudiced and the orderly scheduling of a case for discovery and trial is severely disrupted."). Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Summary Judgment is **GRANTED IN PART** insofar as the issue of identification of the hammer as one manufactured by Stanley Tools.