**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| LORREN CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K22C-12-017 NEP |
| | ) | |
| v. | ) | |
| | ) | |
| BAYHEALTH MEDICAL | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 3, 2024
Decided:  December 5, 2024

## ORDER[1]

### *Upon Plaintiff's Motion For Limited Extension Of Discovery*
### GRANTED IN PART AND DENIED IN PART

**1.**     This matter involves an employment discrimination suit filed by Plaintiff Lorren Chandler against Defendant Bayhealth Medical Center, Inc.

**2.**     Plaintiff has filed a Motion for Limited Extension of Discovery asserting that Defendant failed to produce a properly prepared and knowledgeable Rule 30(b)(6) witness, specifically that the witness lacked knowledge of one of the alleged grounds for Plaintiff's termination, i.e., violation of a "sign-in" policy.[2] Plaintiff seeks a limited re-deposition of the witness as well as sanctions.  Defendant

---

[1] Citations hereafter in the form of "(D.I. __)" refer to docket items.
[2] Pl's Mot. For Limited Extension Of Disc. Caused By Def.'s Failure To Properly Prepare And Produce A Rule 30(b)(6) Witness (hereinafter "Plaintiff's Motion") (D.I. 136), 1.

responds that it did not fail to satisfy its Rule 30(b)(6) obligations, as it was not given proper notice that the sign-in policy was a topic for the deposition—this in spite of the fact that the deposition notice referenced "the investigation of the Plaintiff for alleged wrongdoing and basis for her employment termination[.]"[3]—and that Plaintiff failed to act diligently in pursuing the matter following the deposition.

3.　　On May 29, 2018, Defendant hired Plaintiff.[4]　Defendant first allegedly discriminated against Plaintiff on the basis of race in January 2020, and Plaintiff first allegedly suffered retaliation in March 2020, when she was transferred to another role in Defendant's employ.[5]　Plaintiff details various grievances thereafter, culminating in a dispute over her organization of a going-away party for a colleague on November 30, 2020, ostensibly in violation of Defendant's Covid-19 protocols.[6] According to Plaintiff, Defendant's employees unjustifiably "interrogated" her about this event on December 7, 2020.[7]　Defendant terminated Plaintiff's employment on December 22, 2020.[8]　On July 23, 2021, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor and with the Equal Employment Opportunity Commission.[9]　On December 14, 2022, Plaintiff filed her Complaint with this Court, claiming racial discrimination and retaliation.[10]

4.　　On September 18, 2024, Plaintiff noticed a deposition of Defendant's Rule 30(b)(6) witness, scheduled for September 24, 2024.[11]　The notice specified

---

[3] Def.'s Resp. In Opp'n To Pl.'s Mot. For Limited Extension Of Disc. (hereinafter "Defendant's Response") (D.I. 163), 6; Plaintiff's Motion, Ex. 1 (D.I. 137).
[4] Compl. (D.I. 1) ¶ 6; Answer (D.I. 3) ¶ 6.　Pl.'s Sur-Reply Memo. In Opp'n To Def's Partial Mot. For J. On The Pleadings (D.I. 75), Ex. 1 ¶ 3 (Aff. of Lorren Chandler).
[5] Compl. (D.I. 1) ¶¶ 17–27.
[6] *Id.* at ¶¶ 28–46.
[7] *Id.* at ¶¶ 46–47.
[8] Compl. (D.I. 1) ¶ 51; Answer (D.I. 3) ¶ 51.
[9] Compl. (D.I. 1) ¶ 3–4.
[10] *See generally id.*
[11] Plaintiff's Motion, Ex. 1 (D.I. 137).

four topics:

1. As to the nature of, qualifications for, job duties of, and location of Ms. Chandler's position as Shipping and Receiving Supervisor.

2. As to the nature of, qualifications for, job duties of, and location of Ms. Chandler's transfer to the position of Supply Operations Project Coordinator, in March of 2020.

3. Reasons for the transfer of the Plaintiff in March of 2020, to the position of Supply Operations Project Coordinator . . . including but not limited to the descriptions of any reorganization that prompted such a transfer.

4. Testimony regarding the investigation of the Plaintiff for alleged wrongdoing and basis for her employment termination as described in Defendant's documents BH0019–00202.[12]

5. At the September 24 deposition, Defendant's witness, Carla Mitchell-Penny, was unable to answer several questions related to the fourth noticed topic. She could not locate the "guideline" for employee parties held during the Covid-19 pandemic in the documents provided to Plaintiff, nor recall what the guideline specifically required.[13] Most relevant to Plaintiff's Motion, she could not state whether a policy explicitly required Bayhealth employees to sign in with the front desk before attending parties in buildings other than those in which they worked.[14] After Plaintiff's counsel made a verbal request for documents evidencing the "sign in" policy, Defendant's counsel asked for a written request "so we can keep track of

---

[12] *Id.*

[13] *Id.* at Ex. 6, 28:1–15.

[14] *Id.* at 40:22–23 ("I don't see it, and I don't know that it's in a policy."). Similarly, relevant to the first and second noticed topics, the witness did not know how many people reported to Plaintiff after she was transferred, or whether her new role required more manual labor. *See id.* at 52:21, 107:13–23.

this."[15] Plaintiff's counsel responded, "We have the transcript. I'll forward it to you."[16] Plaintiff's counsel apparently did not re-raise this request when he deposed the same witness on different topics on October 1, 2024, the date that fact discovery closed.[17]

6.    Counsel for both parties received the transcript of the September 24 deposition on October 7.[18] Plaintiff made a written request for the documents on October 27.[19] Defendant produced "potentially responsive" documents on November 4.[20] The Court has reviewed these documents and has found no clear evidence of a "sign in" policy.[21]

7.    In Delaware, "[w]hen a party notices a 30(b)(6) deposition, 'the organization has an obligation to ensure, through the testimony of one witness or multiple witnesses, that the party taking the deposition receives complete responses, based on the organization's full knowledge and any relevant information readily available to it, to questions related to all the matters set forth with particularity for examination in the notice.'"[22] One goal of Rule 30(b)(6) is to "prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial," which "would totally defeat the purpose of the discovery process."[23]

---

[15] *Id.* at 41:15–16, 21-23.
[16] *Id.* at 41:24-42:1.
[17] Defendant's Response (D.I. 163), 2–3; Stipulation For Am. Order Governing Briefing Of Def.'s Partial Mot. For J. On The Pleadings And Am. Scheduling Order (D.I. 39), 2–3.
[18] Plaintiff's Motion, Ex. 7 (D.I. 143).
[19] Plaintiff's Motion, Ex. 8 (D.I. 144).
[20] *Id.*
[21] Plaintiff's Motion, Ex. 9 (D.I. 145).
[22] *Fortis Advisors, LLC v. Dematic Corp.*, 2020 WL 6784129, at *4 (Del. Super. Nov. 18, 2020) (quoting *Fitzgerald v. Cantor*, 1999 WL 252748, at *2 (Del. Ch. Apr. 5, 1999)).
[23] *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co.*, 2003 WL 22048238, at *4 (Del. Super. Sept. 3, 2003) (quoting *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) (emphasis omitted)).

**8.**     Plaintiff gave adequate notice that she would depose Defendant's Rule 30(6)(b) witness about its Covid-19 policies, including the requirement that individuals sign in before entering Defendant's facility. Plaintiff noticed four topics, including the "basis for her employment termination as described in Defendant's documents BH0019–00202."[24]   These documents include a "corrective action record" that terminated Plaintiff in part because "none of the four visiting individuals . . . signed in at the front desk which would have been required and to also ensure that they were screened for COVID-19."[25]   Defendant's Answer in the instant action similarly asserts that "Plaintiff's employment was terminated as a result of misconduct regarding a retirement celebration for a coworker organized by Plaintiff,"[26] and that her employment was "terminated for nondiscriminatory reasons."[27]   Defendant can hardly claim unfair surprise that Plaintiff sought to interrogate Defendant about those reasons. Clearly, a principal purpose of the deposition was to determine why Defendant believed Plaintiff's actions violated policy and why that violation necessitated termination.

**9.**     Despite Defendant's claims, Defendant did not satisfy its Rule 30(b)(6) obligations. The questions its witness failed to answer were not insignificant. Pursuant to the United States Supreme Court's decision in *McDonnell Douglas Corp. v. Green*,[28] Defendant's ability to articulate nondiscriminatory reasons for Plaintiff's termination lies at the heart of this case.[29]   The basis for Plaintiff's termination was not outside the scope of the notice, and although Defendant is

---

[24] Notice of Dep. (D.I. 85), Ex. A ¶ 4.

[25] Plaintiff's Motion, Ex. 2 (D.I. 138).

[26] Answer (D.I. 3), ¶ 40.

[27] *Id.* at ¶ 65.

[28] 411 U.S. 792 (1973).

[29] *See Ennis v. Del. Transit Corp.*, 2015 WL 1542151, at *5–7 (Del. Super. Mar. 9, 2015) (explaining the burden-shifting framework for employment discrimination actions pursuant to *McDonnell Douglas*).

correct that the notice did not specifically "make[] . . . reference to policy and procedure documents,"[30] any fair reading of the notice implicates the policies Plaintiff allegedly violated, as the violation of those policies forms Defendant's asserted nondiscriminatory basis for terminating Plaintiff.

10. Modification of a scheduling order prior to the final pretrial conference requires a showing of good cause.[31] "'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the [motion] would create a substantial risk of unfairness to that party."[32] Plaintiff has made the requisite showing. Plaintiff appropriately noticed Defendant prior to the 30(b)(6) deposition. It was neither foreseeable nor Plaintiff's fault that Defendant's witness was unable to identify or explain the application of the policies justifying Plaintiff's termination. Further, while Defendant has now produced some documents potentially (albeit not clearly) bearing on those policies, Plaintiff would be unfairly prejudiced if she were not permitted to examine Defendant's 30(b)(6) witness about those documents and their import prior to trial. Moreover, the lack of clarity of the documents themselves regarding the policies at issue further highlights the need to re-depose the witness.

11. Plaintiff's showing of good cause is not undermined by her failure to make a written request for documents before the discovery period expired on

---

[30] Plaintiff's Response (D.I. 163), 6.

[31] *See In re Asbestos Litigation*, 228 A.3d 676, 681 (Del. 2020) (en banc) ("Good cause is the proper standard under Delaware law, and the General Scheduling Order expressly requires a 'showing of good cause' to modify the scheduling order."); *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1107 (Del. 2006) (en banc) (finding that the lower court did not abuse its discretion by declining to modify a scheduling order, citing an absence of good cause). *See also Kent v. Dover Ophthalmology ASC., LLC,* 2018 WL 1940450, at *2 (Del. Super. Apr. 12, 2018) (ORDER); *Vick v. Khan*, 2018 WL 656379, at *1 (Del. Super. Jan. 31, 2018) (ORDER); *In re Asbestos Litigation*, 2012 WL 2389898, at *1 (Del. Super. June 22, 2012); *Candlewood Timber Grp. LLC v. Pan American Energy LLC*, 2006 WL 258305, at *2 (Del. Super. Jan. 14, 2006).

[32] *Coleman*, 902 A.2d at 1107 (quoting 3 James Wm. Moore, et al., *Moore's Federal Practice* § 16.14[1] [b] (3d ed. 2004)) (internal quotation and modification omitted).

October 1. When defense counsel asked for a written request for the documents at the September 24 deposition, Plaintiff's counsel responded, "We have the transcript. I'll send it to you."[33] Counsel for both parties did not receive the transcript, which presumably would have been helpful to both parties in identifying the documents at issue,[34] until October 7, well after the discovery period had expired.[35] Moreover, defense counsel certainly never indicated that if a written request were not received by a date certain, further inquiry into the matter would not be permitted. While it may well have been advisable for Plaintiff's counsel to revisit the issue at the October 1 deposition to clarify the understanding of the parties, the failure to do so does not mean that Plaintiff has not been generally diligent or that the need to extend discovery is her fault. The need primarily results from Defendant's failure to produce the policy at issue and prepare its witness to answer questions about it.

12. Defendant asserts that it will suffer prejudice if the deadline is extended because it will be required to expend additional funds in association with another deposition, will likely need to refile its pending motion for summary judgment in light of any revelations therefrom, and will be forced to endure further delay.[36] While the Court is mindful of these concerns, "any prejudice [is] largely of [Defendant's] own making."[37] In other words, the prejudice Defendant is likely to suffer is not unfair. Perhaps as important, the substantial risk of unfair prejudice to Plaintiff by denying Plaintiff's Motion outweighs any prejudice to Defendant.

**WHEREFORE**, in light of the preceding considerations, Plaintiff's Motion For Limited Extension of Discovery is **GRANTED IN PART** and **DENIED IN**

---

[33] Plaintiff's Motion, Ex. 6 (D.I. 142), 41:24-42:1.
[34] In his October 27 request, Plaintiff's counsel cited the pages of the transcript where he had questioned the deponent about the sign-in policy. Plaintiff's Motion, Ex. 8 (D.I. 144).
[35] Plaintiff's Motion, Ex. 7 (D.I. 143).
[36] Defendant's Response (D.I. 163), 4.
[37] *Saudi Basic Indus.*, 2003 WL 22048238, at *5.

**PART**.  Defendant will produce Ms. Mitchell-Penny for an expedited deposition to last no more than two hours focusing on the alleged sign-in policy and the documents produced by Defendant on November 4.  However, Defendant will not be required to pay any excess charges associated with production of an expedited transcript, nor will the Court impose any other sanction, given the failure of Plaintiff's counsel to clarify the document production issue at the October 1 deposition.  Should this ruling result in the need for supplementation of briefing on the pending motion for summary judgment, the parties should confer and, if possible, stipulate regarding any supplemental briefing.

        **IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel of Record