SUPERIOR COURT 
 
 KIMBERLY JONES v. SUTHERLAND INULLATION, INC. and C.R.S. COMMERCIAL REFRIGERATION SPECIALISTS, INC.

 
 Docket:
 2484CV02156-C
 
 
 Dates:
 July 17, 2025
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM OF DCISION AND ORDER ON PLAINTIFF'S MOTIONS TO COMPEL RULE 30(b)(6) DEPOSITIONS OF DEFENDANTS AND FOR SANCTIONS
 
 

             This case arises out of a slip and fall accident at TD Garden. Plaintiff is a concessions employee of TD Garden's owner, Delaware North Boston Flight, LLC, and has sued two contractors of TD Garden for premises negligence io allegedly creating or contributing to the puddled floor conditions she claims to have caused her fall. The Defendants maintain, on a variety of theories, that they bear no legal responsibility for Plaintiff's personal injuries.
            Presented for decision are a pair of discovery motions. by which Plaintiff seeks an order of the Court compelling each of the Defendants to designate a Rule 30(b)(6) deponent to answer "state the basis" questions addressed to affirmative defenses set forth in their respective Answers. By these questions, to which the Defendants objected during recent deposition
 
                                                            -1-
 
proceedings, Plaintiff seeks an explanation of the factual basis for the following affirmative defenses[1]:
• The Defendants owed no"duty of care” to the Plaintiff.
• The Plaintiffs injuries were caused by an"intervening and/or supervening event" with which the Defendants were not involved.
• The Defendants were not the "proximate cause" of the Plaintiffs injuries, on account of her prior and subsequent history of filing personal injury claims.
• Toe Plaintiff is barred from recovery because the alleged beer puddle on which she slipped was"open and obvious."
• The Plaintiff's injuries were caused by the conduct of a third person for whose conduct the Defendants are not responsible.
• The Plaintiff has failed to name the"proper party."
• The Plaintiff was caused to fall by a ''transitory condition'' which the Defendants did not have a reasonable opportunity to remove.
• The Plaintiff failed to fulfill her "statutory duty" to notify The Defendant promptly of the alleged accident. And,
• The Defendants did not own, maintain, control or manage the area where the Plaintiff allegedly fell.
            Upon review of the parties' submissions, the Court has determined that the Plaintiff's motions to compel answers to "state the basis" questions seek discovery more appropriately secured via contention interrogatories. "Depositions, including Rule 30(b)(6) depositions, are designed to discover facts, not ... legal theories," Neponset Landing Corp. v. Northwestern Mut.
 
--------------------------------------------
 
[1] These defenses are asserted in the Defendants' separate Answers to the Complaint, and certain of tho defenses are advanced by just one rather then both of the Defendants. For case of discussion, they are conflated herein and summarized rather than quoted in haec verba,
 
                                                            -2-
 
Life Ins. Co., 279 F.R.D. 59, 61 (D. Mass. 2011), quoting JPMorgan Chase Bank v. Liberty Mut. Ins.Co., 209 F.R.D. 361, 362 (S.D.N.Y. 2002). Numerous courts have thus recognized that calling upon a corporate designee to explain the factual rationale for asserted affirmative defenses (such as those recited ante) effectively asks a lay witness to reveal and comment upon attorney work product. Such courts have refused to allow precisely the kind of deposition questioning that Plaintiff urges the Court to order here. EEOC v. Texas Roadhouse, Inc., C.A. No. 11- 11732-DJC, 2014 WL 4471521, at *3-4 (D. Mass. 2011) (holding it improper to use Rule 30(b)(6) deposition to ask a witness to discuss why certain documents or facts support or rebut a party's claims or defenses, and stating that such information can be adequately obtained through written discovery such as interrogatories; to allow such questioning ''would effectively result in the deposition of opposing counsel," and thereby "invade attorney opinion work product"); Trustees of Boston University v. Everlight Electronics Co., No. 12-CV-11935-PBS, 2014 WL 5786492, at
•4 (D. Mass. 2014) (“A party may properly resist a Rule 30(b)(6) deposition on the grounds that
the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery.... A Rule 30(b)(6) deposition is an overbroad, inefficient and unreasonable means of discovering an opponent's factual or legal basis for its claims.''); Neponset Landing Corp.• 279 F.R.D. at 61 (denying Rule 30(b)(6) questioning on"how [the] facts form the basis of legal affirmative defenses," because that is a matter of legal theory and thus not a proper subject for lay testimony); Fidelity Management & Research Co. v. Actuate Corp., 275 F.R.D.63, 6,4.65 (D. Mass. 2011) (holding that, while the facts underlying affirmative defenses are discoverable, question posed at Rule 30(b)(6) deposition invaded work product of counsel). See generally Lauriat et al., Discovery,. 49A Mass. Practice§ 8.17 at 269 (3d ed. 2017) (noting that
 
                                                            -3-
 
judges are"hesitant to order a Rule 30(b)(6) designee to testify about how the facts form the basis for affirmative defenses because that topic impinges upon attorney work-product'').
            Here, the Court agrees with Defendants that permitting Plaintiff to pose “state the basis" for affirmative defense questions to a Rule 30(b)(6) deponent would effectively call upon a lay witness to share the intellectual work product of the company lawyers who interposed such defenses(and prepared the designated witness to testify regarding same). While it is certainly true, as Plaintiff emphasizes, that the facts which underlie affinnative defenses are not themselves off- limits in a Rule 30(b)(6) proceeding or in any other discovery fonnat, Plaintiff's "state the basis" inquiries in the case at bar seek something very different. By these questions, Plaintiff would ask the Rule 30(b)(6) deponent to explain the factual rationale for the contention that the Defendant owed no"legal duty" to her;or that the Defendant's actions were not the"proximate cause" ofher injuries; or that Plaintiff was harmed by an "intervening and/or supervening event" properly chargeable to a third party; that the Plaintiff failed to fulfill a "statutory duty" to notify the Defendant promptly ofher accident; and the like. This is unmistakably the stuff of legal reasoning -  the  application of  principles of law  to maters of  evidentiary  fact -  that lay witnesses cannot properly be called upon to divulge.
            Consistent with the foregoing authorities, the Court concludes that Plaintiff's inquiries into the grounds or bases for the Defendants' asserted affirmative defenses are more appropriately made through contention interrogatories, where the corporate  client can be assisted  by  legal counsel in framing its answers to these blended questions of fact and law. See U.S. v. Taylor, 166 F.R.D. 356, 363 n.7 order aff'd, 166 F.R.D. 367 (M.D.N.C.  1996) ("Some inquiries are better
 
                                                            -4-
 
answered through contention interrogatories where the client can have the assistance of the attorney in answering complicated questions involving legal issues . .  .'').[2]
CONCLUSION AND ORDER
            For the foregoing reasons, the Plaintiff's Motions to Compel the Rule 30(b)(6) Deposition of Defendants C.R.S. Commercial Refrigeration Specialists (Paper# 37) and Sutherland Installation, Inc. (Paper# 44) shall be, and hereby are, DENIED.
SO ORDERED.
/s/Robert B. Gordon
Robert B. Gordon
Justice of the Superior Court
July 17, 2025
 
--------------------------------------------
 
[2] The undersigned does not regard this ruling a sin any manner inconsistent with Judge Glenny's decision in Taft v. National Grid of N. America Inc.. No.2183CV0098, Plymouth Super. Ct. (Jan.20,2023) (Glenny, J.). In Taft, Judge Glenny allowed a motion to compel when, the defendant had refused to produce any Rule 30(b)(6) witness to testify about the defendant's affirmative defenses. This Court agrees that, once a Defendant's answers to contention interrogatories have identified the factual basis for asserted affirmative defenses, a Rule 30(b)(6) deposition that explores the underlying evidence. itself would be entirely appropriate.