**Jay P. FREDERICK, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, a Main corporation, Defendant.**

**No. CV 97–128–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

July 22, 1998.

Michael J. McKeon, McKeon & Anderson, Butte, Matthew H. O'Neill, French, Mercer, Grainey & O'Neill, Polson, MT, for plaintiff.

Steven E. Cummings, Christensen, Moore & Cockrell, P.C., Mikel L. Moore, Christensen, Moore & Cockrell, P.C., Kalispell, for defendant.

**ORDER**

MOLLOY, District Judge.

### I. Introduction

Plaintiff, joined by defendant, asks that the scheduled March 22, 1999 trial date in this

---

case be vacated and that the scheduling order be amended to extend all deadlines "by at least six (6) months." (Motion to Continue, pg. 1). The reason put forth in support of the motion is that discovery issues "have arisen which have significantly delayed discovery in this matter which will prevent the parties from being prepared to proceed to trial on March 22, 1999 as presently scheduled." (Motion to Continue, pg. 2). The motion is denied.

## II. Discussion

Counsel are to be commended for cooperating. Under the Federal Rules of Civil Procedure, and the Local Rules of Procedure, the production of information that might shed light on a claim or on a defense is mandated. Nonetheless, I am troubled by exhibit 6 supporting the motion, ("*Unum Life Insurance Company of America* GUIDE FOR OUTSIDE COUNSEL, December 1995") and the potential role it might have in these proceedings to date, and in the problems experienced by counsel of record.

### A. The defendant's apparent litigation policy

UNUM, not its local counsel, has formulated a business plan for dealing with litigation. That business plan is bottom line oriented on its face. For instance, consider the following points:

- No legal services should be provided unless authorized in advance.
- We expect to be informed before you make any commitments on UNUM's behalf, and as developments occur.
- Unless you are otherwise advised, a UNUM attorney or *paralegal* must review all briefs, motions, substantive pleadings, *discovery responses* and settlement offers.
- **UNUM will not pay for the following:** any legal work which is not required by the litigation or which does not "advance the ball"
- **UNUM will not pay for the following:** forwarding documents to UNUM
- **UNUM will not pay for the following** *unless approved in advance by UNUM:*

Work which could have more cost-effectively been performed by UNUM.

### B. The obligation of local counsel

By contrast the local rules provide the duties and responsibilities of the Montana lawyer representing the out of state party.

"The attorney shall also designate in the application a member of the Bar of this Court with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers shall be served." **Local rule 110-1(f).**

While the rule is couched in light of the *pro hac vice* procedure, it provides a suitable analogy here where the GUIDE FOR OUTSIDE COUNSEL suggests that "inside counsel" will control UNUM's "case leadership."

"UNUM's Philosophy (sic) is to actively co-counsel with Outside Counsel, working as a team. This may mean that UNUM's inside counsel will provide case leadership. In some case, Outside Counsel will provide that leadership." (Ex. 6 pg. 2, U–007481).

The problem as I see it is that UNUM's bottomline GUIDE is in conflict, not only with the local rules of practice, but also with the Federal Rules of Civil Procedure. The GUIDE hamstrings the lawyer charged with defending the claim. The GUIDE seems to be based on the erroneous presumption that litigation is like chess, the object is to win by anticipating the opponents moves to the point that the opponent has no place to turn and must then concede.

### C. Rule 1, F.R.Civ.P.

■ Litigation is not a game in which counsel are paid only where they "advance the ball." The rules of discovery and the rules of procedure serve one salutary purpose: "They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, F.R.Civ.P. The 1993 amendments to Rule 1 emphasize the District Court's affirmative duty to exercise the procedural authority granted under the rules so as to ensure that civil litigation in the federal courts is re-

solved fairly and without undue cost or delay. See also, *Active Prods. Corp. v. A.H. Choitz & Co.*, 163 F.R.D. 274, 277–78 (N.D.Ind. 1995).

■ The Rules of Civil Procedure, the public interest and the interests of both parties to this litigation, demand a seemly and efficient use of judicial resources to achieve the goals articulated in Rule 1. *Johnson v. Board of County Comm'rs for County of Fremont*, 868 F.Supp. 1226 (D.Colo.1994). As I read the materials before me two things are clear. Counsel of record are vigorously representing their respective clients while simultaneously making an effort to comport with the rules. The problem on the horizon stems from UNUM's apparent bottomline based litigation policy.

### III. "Forewarned is forearmed."

The Rules of Civil Procedure, and the Local Rules will be applied in this case. The purpose we are all about is to determine what evidence exists that will enable the parties to prepare claims and defenses, and that will ultimately bear on the veracity of the respective legal and factual positions asserted by the parties. The time to argue about the admissibility, or the relevance, of any evidence is at trial. The Local Rules of Procedure incorporate the full panoply of remedies set forth in Rules 37, F.R.Civ.P. See, Rule 200–5(a). See also, Rule 37, F.R.Civ.P.

### IV. Conclusion

It is not my place to tell any litigant how or when a competent attorney should be paid. However, it is my prerogative to implement the Rules of Civil Procedure. If a litigant's internal "case management" practices are at odds with the efficient resolution of a case, particularly when "in house" paralegals and lawyers are controlling discovery, it will not interfere with the fair and orderly processing of the case in Federal District Court. It may be more costly to implement corporate policies antagonistic to retained counsel than it is to meaningfully participate in the effort to arrive at a just, speedy, and efficient resolution of the dispute.

■ In my view, the discovery issues are not irreconcilable and there is adequate time to prepare this case for trial on March 22, 1999.

THEREFORE, IT IS HEREBY ORDERED that the unopposed Motion for a Continuance is DENIED.

The Clerk is directed to notify the parties of the entry of this order.