## The PAUL REVERE LIFE INSURANCE COMPANY

v.

### Robin JAFARI, M.D.

### Civ.A. No. MJG–00–2705.

United States District Court, D. Maryland.

March 27, 2002.

Bryan D. Bolton, Michael R. McCann, James Taylor, Funk and Bolton PA, Baltimore, MD, John E. Meagher, Shutts and Bowen, Miami, FL, for plaintiff.

Edward J. Birrane, Towson, MD, Kathleen A. Birrane, George E. Brown, Kramon and Graham, Baltimore, MD, for defendant.

Janice Remus, RN, JD, Monroe, WI, movant.

### MEMORANDUM AND ORDER

BREDAR, United States Magistrate Judge.

Pending and ready for disposition is a motion for sanctions pursuant to Fed. R.Civ.P. 37(b)(2) filed by the defendant. (Paper No. 58). The motion has been fully briefed (Papers No. 59 and 61) and, moreover, has been the subject of significant additional correspondence (letters from counsel dated December 21, 2001, January 4, 2002, January 11, 2002, January 14, 2002 and January 15, 2002) that have not as yet been docketed but will be docketed along with this Memorandum and Order. No hearing is necessary. Local Rule 105.6. For the reasons set forth below, defendant's motion for sanctions is hereby GRANTED.

The subject matter of the motion now at issue is a deposition conducted by the defendant of the corporate plaintiff pursuant to Fed.R.Civ.P. 30(b)(6). The sole designee of the deponent, Ms. Judith LaRochelle, was deposed on October 3–4, 2001, in Worcester, Massachusetts, where the headquarters of the plaintiff is located. Ms. LaRochelle, at the time of the deposition, was the director of claims for the plaintiff.

As a preliminary matter, the plaintiff contends that the Court is without authority

to entertain this motion because sanctions under Rule 37(b)(2) lie only for failure to obey an order to provide or permit discovery and argues that there was no such order in this case. The order upon which the defendant purports to rely as the predicate for the instant motion is that of September 21, 2001. (Paper No. 48). The plaintiff asserts that this order, because it granted in part and denied in part plaintiff's motion for a protective order, was not an order to provide discovery contemplated by Rule 37(b)(2) and that the defendant should have moved to compel discovery rather than for sanctions. That suggestion is absurd and, together with other conduct, raises a question with regard to the general posture of the plaintiff in this action. The subject matter of the protective order sought by the plaintiff was whether certain areas designated by the defendant in its Rule 30(b)(6) deposition notice should or should not be open to inquiry. The Court specifically ruled as to those areas into which inquiry was allowed and those areas into which it was not allowed. The Court's order could not make that fact more clear. It is fatuous to suggest that defendant must come back to the Court for yet another order confirming that the Court really meant what it said it the first instance.

 The substantive issue raised by defendant's motion for sanctions is whether the designee of the deponent was satisfactorily prepared for the Rule 30(b)(6) deposition. Accompanying defendant's motion is an exhibit binder that contains *inter alia* a complete transcript of the deposition. The Court has reviewed the entire transcript and concludes that the designee of the deponent was woefully unprepared. The plaintiff argues, however, that there was no duty to prepare the designee in the various areas in which she admittedly was unprepared. To wit, the plaintiff contends that the designee need not have been prepared to provide testimony regarding how the facts upon which it relies for its contentions support those contentions, to provide testimony regarding facts obtained by counsel during discovery,[1] or to provide testimony supporting the contention ERISA applies to the case. Those arguments and contentions are meritless, and the thinking behind them would render Rule 30(b)(6) depositions useless.

Magistrate Judge Eliason of the Middle District of North Carolina has written succinctly and with great clarity on the duty to designate and prepare witnesses for Rule 30(b)(6) depositions:

> The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. [Citations omitted] ... If persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. [Citations omitted].
>
> . . .
>
> Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. [Citation omitted]. The corporation must provide its interpretation of documents and events. [Citation omitted].
>
> . . .
>
> The attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate.
>
> . . .
>
> Rule 30(b)(6) explicitly requires [a corporation] to have persons testify on its behalf

---

1. Ms. LaRochelle testified that her knowledge of the facts was derived from review of the claims file. She testified that she included the salient facts in denial letters that she sent to the defendant in December 1999 and that she had no knowledge of any facts obtained after that time. She also testified that her preparation for the deposition consisted solely of a review of the claims file, the complaint and a deposition transcript.

as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*United States v. J.M. Taylor,* 166 F.R.D. 356, 361–362 (M.D.N.C.1996).

The plaintiff's misunderstanding of its duty to properly prepare a designee or designees for deposition is palpable and, given the circumstances, the Court unfortunately must question whether it was deliberate.[2] Plaintiff's corporate parent, it appears, is Unum-Provident Corporation.[3] At least one Court has taken a UnumProvident company to task for its perceived "corporate business plan" for dealing with litigation that, the Court opined, operated in derogation of that Court's local rules as well as the Federal Rules of Civil Procedure. *See, Frederick v. Unum Life Ins. Co.,* 180 F.R.D. 384 (D.Mont. 1998). Moreover, Judge Davis of this Court

recently found specifically that UnumProvident had "acted in bad faith and manifestly unreasonably" in a case regarding the termination of long-term disability benefits. *See, Watson v. UnumProvident Corp.,* 185 F.Supp.2d 579 (D.Md.2002). Two cases do not a pattern make, but they are sufficiently troublesome to cause this Court to put the plaintiff on notice that this Court will not stand for any practice or policy that seeks to bring gamesmanship to the discovery process.

The Court imposes the following sanctions. Discovery will be reopened for the limited purpose of a Rule 30(b)(6) deposition of the plaintiff, for which the plaintiff will produce fully prepared and capable designees. The deposition will be conducted in Worcester, Massachusetts, within thirty (30) days of the date of this order, at the expense of the plaintiff, to include the fees and travel expenses of two opposing counsel. Plaintiff also must pay costs to compensate the defendant for the time and expense associated with preparing the motion for sanctions. A bill of costs shall be submitted reflective of all this expense. Judge Garbis has been consulted with regard to the scheduling changes necessitated by this Memorandum and Order, and he will hold in abeyance any ruling on pending dispositive or evidentiary motions until after completion of the Rule 30(b)(6) deposition and will provide, upon request, time for supplementary briefing on those motions in the event that the deposi-

**2.** Arising along with that question is one of the credibility of the designee whom plaintiff did supply. Earlier at issue in this case was a motion to compel production of certain documents being withheld by the plaintiff on grounds of privilege.(Paper No. 41). As part of the briefing on that issue, the plaintiff submitted a signed declaration from Ms. LaRochelle wherein she claimed that she had concluded that the defendants' claim should be denied in February 1999, prior to referring the case to corporate counsel. The Court found it unnecessary to consider the credibility of the declaration of Ms. LaRochelle in order to decide the motion. (Paper No. 60). The Court can say at this time, however, that a review of the documents provided in regard to that motion and ensuing events, including the Rule 30(b)(6) deposition, convinces the Court that the declaration of Ms. LaRochelle was not credible. The correspondence to counsel and, in fact, subsequent letters sent to the defendant

indicate that the issue was far from resolved in the mind of Ms. LaRochelle in February 1999. At the Rule 30(b)(6) deposition, Ms. LaRochelle first testified that it was not true that she had concluded in February 1999 that defendant's claim should be denied. She then scrambled backward none too skillfully when confronted with her earlier declaration.(Deposition Transcript p. 180–194). Moreover, the apparent shortfall in Ms. LaRochelle's knowledge about this case seems to be greatly at odds with the fact that she has been the company signatory on supplementary answers to interrogatories regarding subjects about which she voiced ignorance. At the very best, Ms. LaRochelle seems to be not too particular about what she signs.

**3.** UnumProvident's corporate website shows Paul Revere among its companies.

tion generates information germane to those motions.