**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. et al., Plaintiffs,**

v.

**NEW HORIZONT, INC.
et al., Defendants.**

Civil Action No. 03–6516.

United States District Court,
E.D. Pennsylvania.

May 7, 2008.

Cy Goldberg, Goldberg, Miller & Rubin, PC, Philadelphia, PA, for Plaintiffs.

Joel W. Todd, Dolchin Slotkin & Todd PC, Gilbert B. Abramson, Michael B. Tolcott, Dennis L. Abramson, Gilbert B. Abramson & Assoc, Bruce S. Marks, Maria Temkin, Marks & Sokolov, LLC, Philadelphia, PA, Frank H. Morgan, Jr., James L. McKenna, P.C., Wynnewood, PA, for Defendants.

Unique Healthcare, Inc. Philadelphia, PA, pro se.

Michael Voloshen, Huntingdon Valley, PA, pro se.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

## TABLE OF CONTENTS

I. INTRODUCTION ......................................................... 206

II. BACKGROUND ......................................................... 207
 A. The Notices of Deposition ........................................ 207
 B. The April 2, 2007 Order ......................................... 207
 C. Questions About Bowles's Preparation ............................ 208
 D. Questions About Verification of Discovery Responses ............. 209
 E. Questions About Facts Supporting State Farm's Claims ........... 209
 F. Instructions Not to Answer ...................................... 210
 G. Procedural Posture .............................................. 211

III. MOTIONS FOR SUMMARY JUDGMENT ................................. 211
 A. Legal Standard .................................................. 211
 B. Discussion ...................................................... 212
 1. The "binding" effect of Rule 30(b)(6) testimony ............ 212
 2. Bowles's Rule 30(b)(6) testimony .......................... 213

IV. MOTION TO COMPEL DEPOSITION TESTIMONY ........................ 214
 A. Legal Standard .................................................. 214
 1. Rule 37(a) motions to compel .............................. 214
 2. Rule 26(b)(3)(A) and protection of attorney work product .. 214
 B. Discussion ...................................................... 214

V. SANCTIONS: FAILURE TO PREPARE RULE 30(B)(6) WITNESS ........... 216
 A. Legal Standard .................................................. 216
 1. Duty to prepare under Rule 30(b)(6) ....................... 216
 2. Sanctions pursuant to Rule 37(b) and (d) .................. 217
 B. Discussion ...................................................... 217
 1. Violation of Rule 37(b)(2)(A) ............................. 217
 2. Determination of an appropriate sanction ................. 218

VI. SANCTIONS: VERIFICATION OF DISCOVERY RESPONSES ............... 219
 A. Rule 26(g) ...................................................... 219
 B. Rule 37(d) ...................................................... 220
 C. Rule 33(b) and 34(b) ............................................ 221
 1. Rule 33(b) ................................................ 221
 2. Rule 34(b) ................................................ 222

VII. CONCLUSION ....................................................... 222

## I. INTRODUCTION

State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Co. ("State Farm") brought suit against certain health-care providers ("Defendants"), alleging that Defendants carried out a fraudulent scheme to obtain payment for injuries allegedly caused by State Farm insureds. As ordered by the Court, Defendants conducted a deposition of State Farm's corporate designee, Austin Bowles, pursuant to Federal Rule of Civil Procedure 30(b)(6). A myriad of issues has arisen in connection with the preparation for and conduct of the deposition, as well as the witness's inability to recall certain information, including information contained in discovery responses which he had verified on behalf of the corporate Plaintiffs. These issues are now before the Court in the form of Defendants' motions for summary judgment, to compel additional Rule 30(b)(6) deposition testimony, and for sanctions. For the reasons that follow, the motions will be granted in part and denied in part.

## II. BACKGROUND

On December 1, 2003, State Farm brought claims against Defendants for, inter alia, common-law fraud, statutory insurance fraud, and violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"). On May 14, 2007, nearing the end of a discovery period protracted by numerous discovery disputes between the parties, the Court ordered the deposition of State Farm's Rule 30(b)(6) designee to take place.

### A. *The Notices of Deposition*

Defendants served four notices of deposition on State Farm pursuant to Rule 30(b)(6). The notices, which are substantially identical, name State Farm as the deponent and attach an exhibit describing the topics of examination. The exhibit first limits the scope of the notice by listing the specific patients or billing numbers to which the deposition questions will pertain. Then, with respect to the bills and records pertaining to the listed patients or billing numbers, the exhibit provides 19 topics of examination. These include the following:

(a) The reasons State Farm believes each or all bills are fraudulent;

(b) The reasons State Farm believes that each patient did not receive all treatment billed for and noted in the records;

(c) The reasons State Farm believes that treatment was not prescribed by a doctor;

(d) The reasons State Farm believes that durable medical equipment that was given to the patient was not necessary;

(e) The reasons State Farm believes that treatments were provided by unlicensed personnel;

(f) The reasons State Farm believes treatment was provided without a doctor at the office and/or without doctor supervision;

(g) The date of its mailing, if mailed, for each bill or claim which is allegedly fraudulent;

(h) For each bill or claim which is allegedly fraudulent, who is the company and person(s), if known, who mailed each bill or claim. . . .

Northeast Aqua Defts.' Mot. for Summ. J. (doc. no. 338), Ex. 3.

### B. *The April 2, 2007 Order*

After receiving the first two notices of deposition, State Farm moved for a protective order. The motion sought an order limiting the deposition notices, arguing that they sought information that was duplicative of written discovery already produced and that they were unduly burdensome. *See* Plfs.' Mot. for Protective Order (doc. no. 291).

After an April 2, 2007 hearing on the record, the Court denied the motion for a protective order and ordered the parties to proceed with the Rule 30(b)(6) deposition. *See* Order, Apr. 2, 2007; Hr'g Tr. 28, Apr. 2, 2007. At the hearing, the Court provided detailed guidance to the parties:

Now, oral discovery should not simply seek to obtain orally that which a party has produced in writing. So, we are not going to validate depositions in which somebody is asked to simply regurgitate that which has already been produced in writing. However, *a party who has received written production is entitled to explanations of the information produced, including how the information was gathered, by whom, whether or not the party adopts that information, where the information came from, whether there is some additional information.* So, for example, [counsel for State Farm] gave us a number of answers which seemed to be reasonable, but [counsel] is not State Farm. He is a lawyer, and I think the parties are entitled to have those answers over record, and also to be able to determine whether there is some additional information, or to explain the information that has been provided.

Now, *in a case such as this, involving thousands of documents, particularly documents which are documents that reflect their business transactions, no witness or series of witnesses can know each one of the documents, but at least a business practice can be inquired into, and to what extent is the production consistent with*

that business practice. For example, dates on which mailings were made, it seems to me reasonable to ascertain what is State Farm's position concerning that. Is it the date in which the check that they issue is generated, or what is ... their view as to what that particular date is about.

Now, State Farm is not required to deal with the [Rule 30(b)(6) deposition] as if it were interrogatories. That is, they can point to documents which contain the information, as long as [the designee] does so with some particularity. *He can't simply say well, well go and look at the depositions, all of the answers are there. But, he can point to prior interrogatories. He can point to prior depositions. He can point to checks in the spirit of providing guidance where the information may be sought.*

So, we're trying to strike a balance between the right of the defendants to ascertain and determine the nature of the allegations that are made against them, and on the other hand, State Farm can't do the work of the defendants themselves. So, I think that we will proceed on that basis. We will go forward with the deposition of one or more [Rule 30(b)(6)] deponents, and the defendants are entitled to test the answers that they were provided. *Some of the answers may be by way of directing them to other documents. Some of the answers may be directing them to opinions of counsel. Some of their answers may be directing them to ... previously answered interrogatories, and some of them may be directing them to the claim file for that particular case, but at least they know where to go.... [D]efendants shouldn't be just left to roam through this discovery attempting to find that. So, either answers or a road map to where the answers lie, that's the bottom line for these questions.*

Hr'g Tr. 28–30. (emphases added). In short, the Court ordered the Rule 30(b)(6) deposition to proceed, required that the deponent provide at least a "road map" to navigate the large amount of written discovery produced, and allowed the deponent to answer questions either by providing a response or by directing defense counsel to documents already produced, interrogatories already answered, and opinions of counsel.

### C. Questions About Bowles's Preparation

State Farm designated Austin Bowles as its Rule 30(b)(6) deponent. Bowles had been a State Farm employee for forty years, and served as Claims Team Manager for ten years. As Claims Team Manager, Bowles supervised a team of eight adjusters who adjusted claims for bodily injury and property damage, and investigated claims that were suspected to be fraudulent.

The deposition took place on June 6, 2007.[1] At the deposition, Bowles was questioned on his preparation activities:

Q. Now, what have you done to prepare yourself for today's deposition?

A. Well, I reviewed the notice[s] and the exhibits attached to them, and I got together a couple of times with our counsel.

 . . .

Q. How many times did you get together with him?

A. Two times prior to today.

Q. Two times prior to today. When was the first time?

A. About 2 or 3 weeks ago.

Q. How long was your meeting with him?

A. About 2 hours.

Q. And when was the second time?

A. Was that Friday? It was within the past—about a week ago.

Q. How long was your meeting with him then?

A. Several hours.

Q. Did you review any documents to prepare for today's deposition?

A. No.

---

1. Defendant Mikhael Voloshen and counsel for Defendants Ruslana Voloshen and Northeast Aqua and Physical Therapy, Inc. attended the deposition. The remaining Defendants did not.

Q. And did you review the transcripts of any depositions to prepare for today's deposition?

A. No.

Q. Did you review the complaint to prepare for today's deposition?

A. No.

Q. Did you review any of State Farm's discovery responses to prepare for this deposition?

A. The actual responses themselves, no.

Bowles Dep. 27–28, June 6, 2007; *see also id.* at 29–30 (Bowles admitting that he had not reviewed any claim files relating to the patients and billing numbers listed in the notices of deposition); *id.* at 34–35 (Bowles admitting that he had not spoken to any State Farm employees that he supervised in preparation for the deposition).

Unsurprisingly, because his preparation activities were restricted to two meetings with counsel, Bowles could not state "any facts that support" State Farm's claims, other than those learned through "discussions with counsel." *Id.* at 158:21–159:20. Moreover, as discussed below, Bowles was instructed not to answer when asked about the information learned through these discussions with counsel. *See, e.g., id.* 111–12.

**D.** *Questions About Verification of Discovery Responses*

Bowles was also asked what measures he took to verify the truth of certain answers to interrogatories that he had signed on behalf of State Farm:[2]

Q. Now, you know that you have been asked to verify various discovery responses in this litigation, correct?

A. Yes.

Q. Our recollection is that you verified this one, although we can't find the verification, and it's my belief or recollection that you are the only person from State Farm who has verified discovery responses. So my question to

you after that is, do you recall seeing this document before today?

MR. GOLDBERG [counsel for State Farm]: If he recalls seeing this which is under cover April 17th, 2006? The discovery responses.

MR. MARKS [defense counsel]: The discovery responses with the spreadsheet attached.

MR. GOLDBERG: Do you remember one way or the other whether you ever saw this?

A. I don't remember.

Q. In the April of 2006 time frame, did you do anything yourself to determine whether this response was correct?

A. I don't even know if I saw it.

. . . .

Q. Have you yourself ever done anything to determine whether that spreadsheet is correct?

A. No.

*Id.* at 75:4–76:21.

**E.** *Questions About Facts Supporting State Farm's Claims*

Defense counsel asked Bowles numerous questions seeking testimony regarding the facts underlying each of the essential elements of State Farm's claims. The answer to the vast majority of these questions, however, was that Bowles did not have knowledge of such facts, or that Bowles's knowledge of such facts was limited to discussions with counsel.

For example, allegations underlying State Farm's fraud claims include that Defendants made misrepresentations to State Farm by submitting bills for medical treatment that was never actually provided, that was provided by unlicensed personnel, that was not necessary, or that was provided without doctor supervision. *See* Third Am. Compl. ¶¶ 28–31, 36, 40, 46. At the deposition, defense counsel sought testimony to support these alleged misrepresentations from Bowles as to the individual insureds named

---

**2.** Although the deposition testimony refers generally to "discovery responses," without specifying what type of response, the parties' submissions

suggest that the responses in question are answers to interrogatories.

in the complaint and listed in Defendants' notices of deposition. At first, defense counsel attempted to proceed insured-by-insured:

Q. [I]n the Notice of Deposition, we asked the reasons State Farm believes that each patient did not receive all treatment billed for and noted in the records. What facts can you tell me that Sabir Abdoullaev did not receive all treatment billed for and noted in the records?

A. Other than discussion with counsel, none.

. . . .

Q. [T]he third topic in this Notice of Deposition is the reasons State Farm believes that treatment was not prescribed by a doctor. Can you tell me what facts you have that treatments for Sabir Abdoullaev were not prescribed by a doctor?

A. Other than discussion with counsel, none.

. . . .

Q. The fourth topic of our deposition, on this notice, is the reason State Farm believes that durable medical equipment that was given to the patient was not necessary. Tell me all the facts that you have that durable medical equipment that was given to Sabir Abdoullaev was not necessary.

A. Other than discussing with counsel, none.

Q. Nothing. Okay. Now, it says, the next topic is the reasons State Farm believes the treatments were provided by *unlicensed personnel?*

A. Other than discussion with counsel, none.

. . . .

Q. None. The next topic in this notice is the reason State Farm believes treatment was provided without a doctor at the office and/or without doctor supervision. Tell me all facts that you have that treatment was provided to Sabir Abdoullaev without a doctor at the office and/or without doctor supervision?

A. Other than discussion with counsel, none.

Bowles Dep. 143:14–146:1.

Noticing the obvious pattern of responses, defense counsel eventually cut to the chase and sought testimony as to all of the patients named in the complaint:

Q. [In] regard to all 13 of these people, can you tell me any facts that support your assertion that they didn't receive all treatment billed for and noted in the records?

A. Other than discussion with counsel, no.

Q. [For] all 13 people, can you tell me any facts that you have that such treatment was not prescribed by a doctor?

A. Other than discussion with counsel, no.

Q. [For] all 13 patients, can you tell me the facts that support the assertion that durable medical equipment that was given to the patient was not necessary?

A. Other than discussion with counsel, no.

Q. [For] all 13 claimants, can you tell me any facts that State Farm believes that treatment was provided by unlicensed personnel?

A. Other than discussion with counsel, no.

Q. [For] all 13 claims, can you tell me the reasons that State Farm believes treatment was provided . . . without doctor supervision?

A. Aside from discussion with counsel, no.

*Id.* at 158:21–159:20.

F. *Instructions Not to Answer*

The pattern of questions and responses continued. Bowles repeatedly testified that he knew no facts in support of State Farm's claims other than those learned through discussions with counsel. When asked about these facts learned from counsel, however, counsel for State Farm instructed Bowles not to answer:

Q. Can you tell me any facts that support the assertion that treatment was not provided by licensed personnel?

A. Only discussion with counsel.

Q. And who would that counsel be?

A. Mr. Goldberg or one of his associates.

Q. But as we sit here today, you can't tell me any facts that support the assertion that treatment was provided by an unlicensed personnel, can you?

A. Only through discussion with our counsel.

Q. Do you have a recollection that you were actually told facts that treatment was provided by unlicensed personnel?

A. By counsel.

MR. GOLDBERG: Told that by counsel? I'm going to direct him not to answer concerning any discussions he had with counsel beyond what he's told you.

*Id.* at 111–12. This exchange characterized the bulk of Bowles's deposition. Throughout, defense counsel attempted to learn from Bowles the "information known or reasonably available to [State Farm]" supporting State Farm's claims in this litigation. Fed. R.Civ.P. 30(b)(6). The only thing Bowles did in preparation for the deposition was consult with counsel for State Farm. Predictably, therefore, Bowles's response to nearly all of defense counsel's questions was that he had no information supporting State Farm's claims, other than information learned through discussions with counsel, which he was instructed by counsel not to reveal. In short, Bowles revealed almost no information during his deposition.

### G. *Procedural Posture*

Based on Bowles's testimony, Defendants have moved for summary judgment.[3] Defendants argue that Bowles has admitted that State Farm has no knowledge of facts to support the essential elements of its claims,

and because Bowles's testimony is binding on State Farm under Rule 30(b)(6), State Farm therefore has admitted that it cannot prove the essential elements of its claims.

To the extent that summary judgment is not granted as to all claims, Defendants also seek to compel additional Rule 30(b)(6) deposition testimony, pursuant to Federal Rule of Civil Procedure 37(a)(1), arguing that Bowles was improperly instructed not to answer questions seeking information learned through discussions with counsel.

Finally, Defendants request that sanctions be imposed upon State Farm, pursuant to Federal Rules of Civil Procedure 26(g), 37(b), and 37(d), arguing that State Farm inadequately prepared Bowles for the deposition and that Bowles improperly verified certain discovery responses.[4]

### III. MOTIONS FOR SUMMARY JUDGMENT

#### A. *Legal Standard*

A court must grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. *Id.* at 248–49, 106 S.Ct. 2505. "In considering the evidence, the court should draw all reasonable inferences against the moving party." *El v. Se. Pa.*

---

**3.** Defendants Ruslana Voloshen and Northeast Aqua and Physical Therapy, Inc. have filed a motion for summary judgment, to compel additional deposition testimony, and for sanctions (doc. no. 338). Defendants Guennadi Lioubavine and Roman Lubavin (doc. no. 337), and Defendant Mikhael Voloshen (doc. no. 340) have joined in the motion.

**4.** The Federal Rules of Civil Procedure were amended, effective December 1, 2007. *See* United States Courts: Federal Rulemaking, http://www.uscourts.gov/rules/index2.html (last accessed Feb. 28, 2008). The conduct at issue here occurred before the effective date of the amended rules. As relevant here, however, the amendment to the rules is limited to the restyling and renumbering of certain rules. Therefore, the Court will cite to the amended rules.

*Transp. Auth.,* 479 F.3d 232, 238 (3d Cir. 2007).

The party seeking summary judgment bears the initial burden of identifying "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has done so, the burden shifts to the non-movant, who "may not rely merely on allegations or denials in its own pleading," but must "by affidavits or as otherwise provided in this rule ... set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed.R.Civ.P. 56(e)(2).

### B. *Discussion*

Defendants contend that summary judgment is warranted because Bowles's Rule 30(b)(6) deposition testimony constitutes a binding and irrebuttable admission by State Farm that it has no evidence with which to support the essential elements of its claims. This argument fundamentally misapprehends Rule 30(b)(6).

### 1. The *"binding" effect of Rule 30(b)(6) testimony*

■ Rule 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a ... corporation ... and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more ... persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.... The persons designated must testify about information known or reasonably available to the organization.

Fed.R.Civ.P. 30(b)(6). In other words, the testimony of the Rule 30(b)(6) designee is deemed to be the testimony of the corporation itself.

In prior decisions, judges of this Court have elaborated on this concept by stating that "[t]he purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." *Resolution Tr. Corp. v. Farmer,* No. 92–3310, 1994 WL 317458, at *1 (E.D.Pa. June 24, 1994); *Ierardi v. Lorillard, Inc.,* No. 90–7049, 1991 WL 158911, at *2 (E.D.Pa. Aug.13, 1991) ("Admissions made by the [Rule 30(b)(6)] deponent will be binding on his principal."). However, the use of the word "binding" in the opinions has caused some confusion, prompting litigants to argue, as Defendants do here, that Rule 30(b)(6) testimony is something akin to a judicial admission—a statement that conclusively establishes a fact and estops an opponent from controverting the statement with any other evidence.

This is not quite the case. Although the Third Circuit has yet to address the issue, the better rule is that "the testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, *is not a judicial admission absolutely binding on that party.*" 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2103 (Supp.2007); *A.I. Credit Corp. v. Legion Ins. Co.,* 265 F.3d 630, 637 (7th Cir.2001) ("[T]estimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes." (quotation omitted)); *R & B Appliance Parts, Inc. v. Amana Co.,* 258 F.3d 783, 786 (8th Cir.2001); *Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.,* 441 F.Supp.2d 695, 723 n. 17 (M.D.Pa.2006); *Indus. Hard Chrome, Ltd. v. Hetran, Inc.,* 92 F.Supp.2d 786, 791 (N.D.Ill.2000); *A & E Prods. Group, L.P. v. Mainetti USA Inc.,* No. 01–10820, 2004 WL 345841, at *7 (S.D.N.Y. Feb.25, 2004); *Media Servs. Group, Inc. v. Lesso, Inc.,* 45 F.Supp.2d 1237, 1254 (D.Kan.1999); *W.R. Grace & Co. v. Viskase Corp.,* No. 90–5383, 1991 WL 211647, at *2 (N.D.Ill. Oct.15, 1991).

This does not mean, however, that the party may retract prior testimony with impunity. In some cases "where the nonmovant in a motion for summary judgment submits an affidavit which directly contradicts an earlier [Rule 30(b)(6)] deposition and the movant relied upon and based its motion on the prior

deposition, courts [have] disregard[ed] the later affidavit." *Hyde v. Stanley Tools,* 107 F.Supp.2d 992, 993 (E.D.La.2000); *see, e.g., Rainey v. Am. Forest & Paper Ass'n, Inc.,* 26 F.Supp.2d 82, 95 (D.D.C.1998) ("[T]he Kurtz affidavit's quantitative assertion works a substantial revision of defendant's legal and factual positions. This eleventh hour alteration is inconsistent with Rule 30(b)(6), and is precluded by it."); *Caraustar Indus., Inc. v. N. Ga. Converting, Inc.,* No. 04-187, 2006 WL 3751453, at *7 (W.D.N.C. Dec.19, 2006); *Ierardi,* 1991 WL 158911, at *3; *see also Joseph v. Hess Oil,* 867 F.2d 179, 183 (3d Cir.1989) (non-30(b)(6) context) ("In cases where a party has filed an affidavit which contradicts earlier deposition testimony, summary judgment has been granted where the court found that the contradictory affidavit was filed in order to defeat the summary judgment motion."). Yet, where the affidavit "is accompanied by a reasonable explanation" of why it was not offered earlier, courts have "allowed a contradictory or inconsistent affidavit to nonetheless be admitted" to supplement the earlier-submitted Rule 30(b)(6) testimony. *Hyde,* 107 F.Supp.2d at 993.

### 2. *Bowles's Rule 30(b)(6) testimony*

■ In this case, State Farm's allegations of fraud are premised on a series of alleged misrepresentations by Defendants: Defendants billed State Farm for treatment that was not rendered, not necessary, or administered by unlicensed personnel without doctor supervision. At the Rule 30(b)(6) deposition, defense counsel repeatedly asked Bowles (on behalf of State Farm) whether he could state "any facts that support [these] assertion[s]." Bowles Dep. 158:21–159:20. In response to each question, Bowles (on behalf of State Farm) stated: "Other than discussion with counsel, no." *Id.*

Relying on cases where a later-filed explanatory affidavit contradicting Rule 30(b)(6) deposition testimony has been disallowed, Defendants ask the Court to disregard *all* evidence contradicting Bowles's testimony, regardless of when acquired, how weighty, and how meritorious the explanation of why it was not offered earlier. In effect, Defendants seek judgment as a matter of law based on Bowles's testimony. Such a judgment is unwarranted, however, as it would elevate Rule 30(b)(6) deposition testimony into an irrebuttable judicial admission.[5]

At best, Defendants' identification of Bowles's testimony shifts the burden onto State Farm, requiring it to look beyond the pleadings and "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). State Farm has done so by pointing to thousands of documents, identified in its answers to interrogatories, that support the allegations in its complaint. Defendants do not dispute the validity of these documents; rather, Defendants' motions for summary judgment are based solely on the theory that Bowles's Rule 30(b)(6) testimony constitutes a judicial admission that is dispositive, *regardless* of any other admissible evidence. Accordingly, because genuine issues of material fact exist, and, in any event, Defendants have not shown that they are entitled to judgment as a matter of law, the motions must be denied.[6]

---

**5.** Had Bowles's responses been admissions under Federal Rule of Civil Procedure 36, they may well have been fatal to State Farm's claims. *See* Fed.R.Civ.P. 36(b) ("A matter admitted under this rule is conclusively established...."). Even under Rule 36, however, "the court may permit withdrawal or amendment [of a judicial admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed.R.Civ.P. 36(b).

**6.** The testimony of Bowles (on behalf of State Farm) might nonetheless be damaging to State Farm's position at trial. *See United States v. Taylor,* 166 F.R.D. 356, 362 (M.D.N.C.1996) ("[I]f a party states it has no knowledge or posi-

tion as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change."); *Ierardi,* 1991 WL 158911, at *3 ("If the designee testifies that H & V does not know the answer to plaintiffs' questions, H & V will not be allowed effectively to change its answer by introducing evidence at trial. The very purpose of discovery is to avoid trial by ambush." (quotations omitted)). For example, if State Farm seeks to contradict its Rule 30(b)(6) testimony at trial with new evidence, and it offers no valid explanation why the earlier testimony should be amended, the Court may preclude State Farm from presenting such new evidence, or permit the new evidence and allow State Farm's expla-

## IV. MOTION TO COMPEL DEPOSITION TESTIMONY

In the event that summary judgment as to all claims is not granted, Defendants move to compel State Farm to provide additional Rule 30(b)(6) deposition testimony, arguing that Bowles was improperly instructed not to answer questions seeking information that he learned through discussions with counsel. State Farm argues that all information learned by Bowles through discussions with counsel constitutes attorney work product and was thus properly not disclosed.

### A. *Legal Standard*

#### 1. *Rule 37(a) motions to compel*

If "a deponent fails to answer a question asked under Rule 30," or provides an answer that is "evasive or incomplete," then a motion to compel the deposition testimony may be filed. Fed.R.Civ.P. 37(a)(3)(B)(i), (a)(4). "If the motion is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A).

#### 2. *Rule 26(b)(3)(A) and protection of attorney work product*

Attorney work product protection extends to materials that are "prepared in anticipation of litigation or for trial." Fed.R.Civ.P. 26(b)(3)(A). The Court may order disclosure of such materials if a party shows "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed.R.Civ.P. 26(b)(3)(A)(ii). However, even when disclosure of work product is ordered, the Court must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney ... concerning the litigation." Fed. R.Civ.P. 26(b)(3)(B).

### B. *Discussion*

■ This case exemplifies the tension between the obligations of Rule 30(b)(6) and the protections of the work product doctrine as codified in Rule 26(b)(3). On one hand, Rule 30(b)(6) requires a corporate party to prepare a witness to testify to "information known or reasonably available to" the corporation; a common means of such preparation is for the witness to engage in discussions with counsel. On the other hand, the work product doctrine protects the "mental impressions, conclusions, opinions, or legal theories" of counsel from disclosure. In fact, the mental impressions of counsel are "core" or "opinion" work product, which "is discoverable only upon a showing of rare and exceptional circumstances." *In re Cendant Corp. Secs. Litig.*, 343 F.3d 658, 663 (3d Cir.2003).

■ State Farm argues that counsel properly instructed Bowles not to disclose *any* facts learned from discussions with counsel in preparation for the Rule 30(b)(6) deposition because such facts constitute attorney work product and are thus protected from disclosure. State Farm is incorrect:

> [T]he courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the person from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.

8 Wright et al., *supra*, § 2023; *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 384 (E.D.Pa.2006) (" '[T]here is simply nothing wrong with asking for facts from a deponent even though those facts may have been communicated to the deponent by the deponent's counsel.' " (quoting *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 280 (D.Neb.1989))).

The *Protective* case cited with approval by Judge DuBois in *Linerboard* is on all fours

---

nation to be submitted to the jury along with the earlier testimony. *See* Fed.R.Evid. 403 (providing for exclusion of evidence if "its probative value is substantially outweighed by the danger of unfair prejudice ... or by considerations of undue delay").

with the instant case. In *Protective*, as here, a Rule 30(b)(6) witness was prepared for deposition through discussions with counsel. 137 F.R.D. at 271–72. When asked whether she had knowledge of the facts underlying the corporate party's claim, the witness replied that she had no knowledge other than facts learned through her discussions with counsel. *Id.* The deposing attorney then specifically asked for those facts: "I'm not asking you to relate the opinion that your counsel gave you. I am asking you for the facts that support this allegation." *Id.* at 273. The defending attorney instructed the witness not to answer and sought "clarification" from the Court. *Id.* The Court's clarification is worth quoting in full:

> It is important to distinguish between facts learned by a lawyer, a memorandum or document containing those facts prepared by the lawyer, and the lawyer's mental impressions of the facts. The facts are discoverable if relevant. The document prepared by the lawyer stating the facts is not discoverable absent a showing required by Federal Rule of Civil Procedure 26(b)(3). Mental impressions of the lawyer regarding the facts enjoy nearly absolute immunity.... The problem in this type of situation is determining the degree to which a particular deposition question elicits the mental impressions of the attorney who communicated a fact to the deponent. In a sense, any fact that a witness learns from his or her attorney presumably reveals in some degree the attorney's mental impressions of the case, or, presuming rationality, the attorney would not have communicated the fact to the client. As I have pointed out previously, it is clearly not the law that a fact is not discoverable because a lawyer communicated the fact to the client.

*Id.* at 278 n. 1, 281.

Therefore, the vast majority of State Farm's instructions to Bowles not to respond were improper. For the most part, the questions asked by defense counsel did not demand the "mental impressions, conclusions, opinions, or legal theories of [State Farm's] attorney" protected by Rule 26(b)(3), but rather sought the "information known or reasonably available to [State Farm]," as to which Bowles was *required* to testify by Rule 30(b)(6). Contrary to State Farm's contention, the mere fact that counsel for State Farm may have provided such information to the witness in preparation for the Rule 30(b)(6) deposition does not convert the information into attorney work product.[7] Were State Farm's logic followed to its full extent, anytime an attorney is involved in preparing a Rule 30(b)(6) witness, such preparation would be futile because the witness would inevitably be precluded from testifying to anything learned from the attorney. Were this the rule, every Rule 30(b)(6) deposition in which an attorney was involved in preparing the witness would be doomed from the start.

Therefore, the motion to compel will be granted. The Rule 30(b)(6) deposition of Bowles, or another suitable witness, shall resume in accordance with the order of this Court.[8] To the extent that defense counsel's

---

**7.** State Farm puzzlingly relies on *Linerboard* for this proposition. However, as noted above, the *Linerboard* court quoted *Protective* with approval when it stated: " '[T]here is simply nothing wrong with asking for facts from a deponent even though those facts may have been communicated to the deponent by the deponent's counsel.' " 237 F.R.D. at 384 (quoting 137 F.R.D. at 280). Moreover, the facts of *Linerboard* are markedly different from the facts here. The Court considered whether a Rule 30(b)(6) witness should be required to speak with in-house counsel in order to glean the in-house counsel's recollections, which were not memorialized anywhere, of an internal investigation. *See id.* at 379. The Court did not require such consultation, holding that "any facts learned during [the in-house counsel's] internal investigation [are] so intertwined with mental impressions that [they] amount to opinion work product." *Id.* The Court made sure to note, however, that it was "not rul[ing] that facts within counsel's knowledge are never discoverable. To the contrary, *the Court's holding is limited to the circumstances of this case in which there has been extensive discovery of the evidence accumulated in the internal investigation.*" *Id.* (emphasis added). Because no internal investigation has occurred here and because the facts of this case are nearly identical to those in *Protective*, *Linerboard* is inapposite here.

**8.** Because the Court will impose sanctions pursuant to Rule 37(b), including attorney's fees, the Court need not impose sanctions pursuant to Rule 37(a)(5)(A) here.

questions seek relevant, non-privileged facts learned from discussions with counsel, and do not seek counsel for State Farm's "mental impressions, conclusions, opinions, or legal theories," those questions must be answered. The topics in Defendants' notices of deposition provide examples of proper and improper questions. For example, a question seeking the "reasons State Farm believes each or all bills are fraudulent" likely seeks counsel's "legal theories," and thus is improper. In contrast, a question seeking the "reasons State Farm believes that each patient did not receive all treatment billed for and noted in the records" is likely proper, as it seeks only facts reasonably available to State Farm, and not counsel's mental impressions.[9]

## V. SANCTIONS: FAILURE TO PREPARE RULE 30(B)(6) WITNESS

Defendants seek sanctions under Federal Rule of Civil Procedure 37, arguing that Bowles was so unprepared for the Rule 30(b)(6) deposition that his testimony was tantamount to a failure to appear for a deposition under Rule 37(d). In addition, because the Rule 30(b)(6) deposition was ordered by the Court, Defendants seek sanctions for disobedience of a court order under Rule 37(b) as well.

### A. *Legal standard*

#### 1. *Duty to prepare under Rule 30(b)(6)*

As discussed above, Federal Rule of Civil Procedure 30(b)(6) sets forth the manner in which a corporation may be deposed. First, the party seeking to depose the corporation must "[i]n its notice or subpoena ... describe with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). Once the corporation receives such particularized notice, it must "designate one or more ...

persons who ... must testify about information known or reasonably available to the organization." *Id.*

■ A Rule 30(b)(6) designee "is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access." *Linerboard,* 237 F.R.D. at 382 (quotation omitted). Therefore, a corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must "prepare its designee to be able to give binding answers on its behalf ... [and] perform a reasonable inquiry for information" that is noticed and reasonably available to it. *Id.* (quotation omitted).

Therefore, if a Rule 30(b)(6) witness is asked a question concerning a subject that was not noticed for deposition or that seeks information not reasonably available to the corporation, the witness need not answer the question. Moreover, certain questions may seek details so minute that a witness could not reasonably be expected to answer them. *See, e.g., United States ex. rel. Fago v. M & T Mortgage Corp.,* 235 F.R.D. 11, 25 (D.D.C. 2006) ("Without a photographic memory, [the witness] could not reasonably be expected to testify as to the loan numbers ... for sixty-three different loans."). However, if a Rule 30(b)(6) witness is asked a question concerning a subject that was noticed with particularity, is seeking information that is reasonably available to the corporation, and is not unreasonably obscure, and the witness is unprepared to answer the question, the purpose of the deposition is completely undermined. *See Constellation NewEnergy, Inc. v. Powerweb, Inc.,* No. 02–2733, 2004 WL 1784373, at *5 (E.D.Pa. Aug.10, 2004) ("In reality if a Rule 30(b)(6) witness is unable to give useful

---

9. The parties can benefit from the guidance offered by the Court in *Protective:*

I wish to make the following observation to guide counsel. First, as I have said, Ms. Murphy has an obligation to be prepared as a Rule 30(b)(6) spokesperson. Second, Ms. Murphy, to the extent that she is able, must recite the facts upon which Commonwealth relied to support the allegations of its answer and counterclaim which are not purely legal, even though those facts may have been provided to her or

her employer by Commonwealth's lawyers. Third, Protective is directed, when formulating questions to Ms. Murphy, to avoid asking questions of Ms. Murphy which are intended to elicit Commonwealth's counsel's advice, Commonwealth's counsel's view as to the significance or lack thereof of particular facts, or any other matter that reveals Commonwealth's counsel's mental impressions concerning this case.

137 F.R.D. at 283.

information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it.").

### 2. *Sanctions pursuant to Rule 37(b) and (d)*

Because the Rule 30(b)(6) deposition in this case was ordered by the Court, both section (b) and section (d) of Rule 37 of the Federal Rules of Civil Procedure apply.

Rule 37(b) permits the imposition of sanctions upon a person who disobeys an order of the Court: "If a party or . . . a witness designated under Rule 30(b)(6) . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed.R.Civ.P. 37(b)(2)(A). The rule also provides a non-exhaustive list of available sanctions, such as precluding a party from introducing certain matters into evidence, staying proceedings until the order is obeyed, dismissing the action in whole or in part, rendering a default judgment, and treating the failure to obey an order as contempt of court. Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi). The Court also "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless "circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

Rule 37(d) allows the Court to "order sanctions" if "a party or . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i). A failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d)(2). Available sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," and, as above, the Court "must" require "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless "circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3).

Although the application of Rule 37(d) is usually limited to an actual failure to appear for a deposition—rather than an appearance by an unprepared deponent—the Third Circuit has made an exception in the context of Rule 30(b)(6) depositions. *See Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 302–03 (3d Cir.2000). In other words, "when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." *Id.* at 304.

### B. *Discussion*

At the core of this dispute is State Farm's failure to adequately prepare its Rule 30(b)(6) witness for deposition. There is no question that State Farm's limited efforts to prepare Bowles for the deposition fell far short of the requirements of Rule 30(b)(6).

### 1. *Violation of Rule 37(b)(2)(A)*

The Court provided State Farm with clear guidelines at the April 2, 2007 hearing as to the level of preparation required in this case. The Court noted that this case involves "thousands of documents," and that no witness could be expected to know all of the documents. Instead of memorizing the contents of thousands of documents, the Court allowed the Rule 30(b)(6) witness to respond to questions by "point[ing] to documents which contain the information, as long as he does so with some particularity." Specifically:

> He can't simply say well, well go and look at the depositions, all of the answers are there. But, he can point to prior interrogatories. He can point to prior depositions. He can point to checks in the spirit of providing guidance where the information may be sought. . . . Some of the answers may be by way of directing them to other documents. Some of the answers may be directing them to opinions of counsel. Some of their answers may be directing them to . . . previously answered interrogatories, and some of them may be directing them to the claim file for that particular

case, but at least they know where to go.... [D]efendants shouldn't be just left to roam through this discovery attempting to find that.

Hr'g Tr. 28–30.

State Farm failed to heed the Court's guidance, and as a result, its preparation of Bowles was grossly inadequate, especially in light of the document-intensive nature of this litigation. Bowles's preparation was limited to two meetings with counsel, together lasting only several hours. Bowles reviewed *no* documents other than the notices of deposition and spoke to no other State Farm employees concerning the litigation other than asking a single employee if he recognized an exhibit to one of the notices of deposition. *Id.* at 34:19–35:24. Even if Bowles was relying on a necessarily brief summary given by counsel, it is unclear how he could testify as to State Farm's business practices having failed to confer with any State Farm employees. It is also unclear how Bowles could point to answers to interrogatories, claim files, checks, or prior depositions if he did not review any of these materials. State Farm's assertion that two meetings with counsel effectively prepared Bowles to answer questions as to thousands of documents strains credulity. The Court is left with the impression that State Farm took neither this Court's order nor the requirements of Rule 30(b)(6) seriously. Accordingly, sanctions are warranted.[10]

In failing to prepare Bowles for the Rule 30(b)(6) deposition, State Farm "fail[ed] to obey an order to provide or permit discovery," in violation of Rule 37(b)(2)(A). The Court may thus issue further "just orders" and must order State Farm to pay the reasonable expenses, including attorney's fees, caused by the failure, unless "circumstances make an award of expenses unjust." Fed. R.Civ.P. 37(b)(2)(C).

10. State Farm continues to argue that Defendants' notices of deposition are overbroad, vague, and unduly burdensome. The Court has already ruled on this issue by denying State Farm's motion for protective order and providing guidance at the April 2, 2007 hearing in order to focus the Rule 30(b)(6) deposition. Therefore, as to Rule 37(b), the scope of the deposition notices is not relevant to whether

### 2. *Determination of an appropriate sanction*

■ Defendants argue that dismissal of State Farm's claims is a proper sanction in this case. Although the Court is authorized by Rule 37(b) to dismiss State Farm's claims, it must first apply the factors set forth in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir.1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused ...; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

Defendants point to *Hoxworth v. Blinder, Robinson and Co.,* 980 F.2d 912 (3d Cir. 1992), where the Third Circuit applied the *Poulis* factors to uphold a district court's issuance of a default judgment as a sanction. *Hoxworth* is instructive, although distinguishable because the failure to adequately prepare a Rule 30(b)(6) witness was only one of many discovery abuses in that case, including the failure to file a pretrial memorandum, failure to appear at trial, and lying to the Court about the reasons for failing to appear. *Id.* at 917–18. As relevant here, the *Hoxworth* Court found that the corporate defendant was personally responsible for the failure to select an informed Rule 30(b)(6) witness, as it had four days before designating a witness "fired the only other person who could have shed some light on the facts." *Id.* at 920. The remaining discussion of the *Poulis* factors concerned unrelated discovery abuses which are not pertinent here. *Id.* at 920–22.

State Farm disobeyed the Court's April 2, 2007 order. Additionally, as to Rule 37(d), a failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)," Fed.R.Civ.P. 37(d)(2), and State Farm's motion for protective order was denied well before the Rule 30(b)(6) deposition took place.

■ In this case, State Farm bears responsibility for the failure to prepare Bowles as required by Rule 30(b)(6), in that it did not require him to confer with employees, review pertinent documents, or at least have more extensive meetings with counsel. In addition, as discussed above, State Farm's failure to prepare Bowles was willful. *See supra* Part V.B.1. Nonetheless, the remaining *Poulis* factors suggest that dismissal of State Farm's claims is too harsh a sanction here. Defendants have incurred prejudice in that they have expended time and resources in attempting to complete this deposition, but such prejudice is properly addressed with monetary sanctions. Any substantive prejudice that Defendants may have suffered can be cured by ordering another Rule 30(b)(6) deposition. Moreover, as discussed above, State Farm may yet be precluded at trial from introducing eleventh-hour evidence in an attempt to contradict its Rule 30(b)(6) deposition testimony. *See supra* note 4. As to the remaining factors, all parties have demonstrated a history of dilatoriness in this case, and no showing has been made that State Farm's claims lack merit.

Accordingly, monetary sanctions will be imposed on State Farm pursuant to Rule 37(b)(2)(C) because no circumstances exist that would make such an award unjust.[11]

## VI. SANCTIONS: VERIFICATION OF DISCOVERY RESPONSES

Based on Bowles's allegedly improper verification of certain discovery responses, Defendants move for sanctions pursuant to Federal Rules of Civil Procedure 26(g) and 37(d). The parties' confusion as to the obligations of a corporate party under Rules 26, 33, 34, and 37, and the sanctions flowing from each begs some clarification. Therefore, in addressing

the instant motion, the Court will also address the applicability of each of the above-mentioned rules.

### A. *Rule 26(g)*

Federal Rule of Civil Procedure 26(g) requires all discovery responses to be "signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented." Fed.R.Civ.P. 26(g)(1). By signing the discovery response, the attorney or unrepresented party "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the discovery response is not frivolous, not interposed for an improper purpose, not unreasonable or unduly burdensome, and consistent with the Federal Rules of Civil Procedure. *Id.*

In addition, the rule provides for sanctions in the event of an improper certification. *See* Fed.R.Civ.P. 26(g)(3); *see also Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 84 (E.D.Pa.1992) (holding that sanctions may be imposed "when the signing of the response was objectively unreasonable under the circumstances").

■ Here, Defendants argue that Rule 26(g) sanctions must be imposed because Bowles allegedly did not conduct a reasonable inquiry before "verif[ying] [certain] discovery responses under penalty of perjury." Northeast Aqua Defts.' Mot. for Summ. J. 19. Specifically, Bowles testified at the Rule 30(b)(6) deposition that he was asked to "verify various discovery responses in this litigation," and when asked whether he could recall "doing anything [him]self to determine whether [the] response[s] [were] correct," Bowles said: "I don't remember." Bowles Dep. 75–76.[12] Defendants confuse two dis-

---

**11.** The amount of the sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date. In addition, because the Court has found that State Farm violated Rule 37(b)(2)(A), consideration of whether State Farm failed to appear for the deposition in violation of Rule 37(d) is not necessary, as the two subsections provide for identical sanctions. *See* Fed.R.Civ.P. 37(d)(3).

**12.** Defendants have not attached to their motions these "discovery responses" in their entirety, at-

taching instead a ten-page excerpt of one of the responses. Therefore, as discussed above, the Court cannot say with certainty what type of discovery responses are at issue, although the parties' submissions suggest that they are answers to interrogatories. *See supra* note 2. Moreover, none of the attached excerpts includes a signature page, and thus the Court cannot confirm whether and in what manner Bowles "verified" the responses or whether the responses were certified by counsel.

tinct concepts under the Federal Rules of Civil Procedure: certification and verification. Rule 26(g) governs only the certification of discovery responses:

> Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request. Rather, the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand. Thus, the lawyer's certification under Rule 26(g) should be distinguished from other signature requirements in the rules, such as those in Rules 30(e) and 33.

Fed.R.Civ.P. 26 committee's note (amended 1983). Therefore, Rule 26(g) only governs certification, and cannot be the basis for sanctioning an allegedly improper verification. Moreover, the certification requirements of Rule 26(g) apply only to an "attorney of record" or a "party ... if unrepresented." *Id.* Bowles is neither: he is an employee and corporate designee of a represented party in this litigation, State Farm.[13]

Accordingly, because Rule 26(g)(1) does not apply to Bowles's verification, whether proper or improper, of discovery responses, sanctions under Rule 26(g)(3) are not warranted.

**13.** Although the Third Circuit has not yet interpreted Rule 26(g)(1), reading Rule 26(g)(1) to apply only to attorneys and unrepresented parties accords with both the plain language of the rule and the limited case law on point in this circuit. *See Project 74*, 143 F.R.D. at 84 (applying Rule 26(g) to attorney's conduct); *Leonard v. Univ. of Del.*, No. 96–360, 1997 WL 158280, at *6 (D.Del. Mar.20, 1997) (same). Defendants point to no case in this circuit applying Rule 26(g) to the conduct of a *represented* party or an employee or corporate designee thereof, and this Court finds none. Defendants rely on *United Missouri Bank of Kansas City, N.A. v. Bank of New York*, 723 F.Supp. 408 (W.D.Mo.1989), *abrogated on other grounds by Lakin v. Prudential Secs., Inc.*, 348 F.3d 704 (8th Cir.2003). In *United Missouri Bank*, the court applied Rule 26(g) directly to a party:

> The Court notes that defendant's counsel did not certify defendant's responses to plaintiff's

**B. *Rule 37(d)***

Defendants have additionally moved for sanctions under Rule 37(d). If "a party, after being properly served with interrogatories under Rule 33 ... fails to serve its answers [or] objections," then that party "may" be subject to sanctions. Fed.R.Civ.P. 37(d)(1)(A)(ii).

Here, Defendants argue that sanctions are warranted under Rule 37(d) because Bowles, who verified the "discovery responses," [14] did not make a reasonable inquiry into the truth of the responses before verifying them. Defendants base this assertion on Bowles's testimony at the Rule 30(b)(6) deposition that he did not "remember" and did not "even know whether [he] saw" certain discovery responses. Bowles Dep. 75:4–76:21. Defendants argue that Bowles's failure to make a reasonable inquiry before verifying responses to interrogatories is tantamount to "fail[ing] to serve [ ] answers [or] objections" to interrogatories, under Rule 37(d)(1)(A)(ii).

Defendants are incorrect. Defendants do not argue that State Farm actually failed to serve answers or objections to interrogatories. In fact, Defendants acknowledge that State Farm *did* submit detailed responses to the interrogatories. However,

> [t]he provisions of Rule 37(d) with regard to interrogatories do not apply for anything less than a serious or total failure to respond to interrogatories. Only if a party wholly fails to respond to an entire set of interrogatories are sanctions under this

interrogatories as required by Rule 26(g). However, this does not prevent the Court from imposing sanctions upon defendant, The Bank of New York, because it certified its initial responses to plaintiff's interrogatories when no objective basis existed for believing in the truth and accuracy of those responses.

*Id.* at 416. The Court in *United Missouri Bank* appears to have misapplied Rule 26(g) in the same manner as Defendants have here. The Court confuses a certification with a verification, and it applies the certification requirement to a represented party, contravening the plain terms of Rule 26(g).

**14.** Presumably, the "discovery responses" in question, which are not attached to Defendants' motions, were answers to interrogatories, as suggested by Defendants' citation to Rules 37(d) and 33(b). *See supra* note 12.

rule appropriate.... Subdivision (d) of the rule also is inapplicable if the party has served answers to interrogatories but the answers are thought to be incomplete or evasive. That situation is covered by Rule 37(a)(3) [37(a)(4) as amended in November 2007], which makes such responses a failure to answer for that subdivision of Rule 37, and a motion to compel a further answer will lie.

8A Wright et al., *supra,* § 2291. In other words, the proper course of action here would have been for Defendants to file a motion to compel under Rule 37(a), which applies when a party fails to answer particular interrogatories or provides evasive or incomplete answers to interrogatories.[15] Fed. R.Civ.P. 37(a)(3)(B)(iii), (4). Thus, because Defendants have confused Rule 37(a) and Rule 37(d), two provisions authorizing sanctions intended to remedy two distinct discovery violations, the request for sanctions under Rule 37(d) will be denied.[16]

### C. Rules 33(b) and 34(b)

Although neither party has raised the applicability of Rules 33(b) and 34(b), the Court writes here to provide additional guidance to the parties. Specifically, certain issues raised by Defendants in the instant motion for sanctions are better analyzed under Rules 33(b) and 34(b).

**15.** Defendant relies on *Airtex Corp. v. Shelley Radiant Ceiling Co.,* 536 F.2d 145 (7th Cir.1976), to argue that Rule 37(d) should be applied notwithstanding its limitation to instances where a party "fails to serve" answers or objections to interrogatories. In *Airtex,* the Seventh Circuit acknowledged that Rule 37(d) "does not specifically cover giving answers that are evasive and incomplete, as distinguished from failing to answer at all," but nonetheless applied Rule 37(d) to an evasive and incomplete disclosure because of the unique circumstances of the case. Specifically, "[t]he evasive and incomplete character of Airtex's answers was not immediately apparent to [the movant] and did not become so until [the movant] conducted further discovery." *Id.* at 155. Such further discovery was obtained too late for the movant to file a motion to compel under Rule 37(a) before trial, and thus the Court allowed the movant to invoke Rule 37(d), which it had raised by post-trial motion, on appeal. *Id.* No such unique circumstances exist here. The alleged impropriety of State Farm's responses to

### 1. Rule 33(b)

Federal Rule of Civil Procedure 33(b) governs answers and objections to interrogatories. The rule provides that interrogatories served upon a corporate party must be answered "by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1)(B). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). To verify the truthfulness of the answers, "[t]he person who makes the answers must sign them." Fed.R.Civ.P. 33(b)(5).

 This Court recently explained the obligations of a party who verifies answers to interrogatories. *See State Farm Mut. Auto. Ins. Co. v. Lincow,* No. 05–5368, 2008 WL 697252 (E.D.Pa. Mar.10, 2008). Specifically, the Court required the defendants in *Lincow* to provide "a verification stating that to the best of his or her knowledge, information, and belief, the answers provided are true and correct." *Id.* at *5. State Farm was not only a party in the *Lincow* case, but *it proposed the language of the verifications* and requested that the defendants be sanctioned for providing verifications that did not contain its proposed language. *See id.* at *6.

Here, State Farm has fallen upon its own sword. Its answers to interrogatories were signed by Bowles, a person who, according to his own deposition testimony, cannot remem-

interrogatories was revealed on June 6, 2007, the date of Bowles's Rule 30(b)(6) deposition. Discovery was not set to conclude until June 29, 2007. *See* Fifth Scheduling Order (doc. no. 312). Therefore, Defendants had ample time in which to file a motion to compel pursuant to Rule 37(a), but simply failed to do so, instead choosing to wait and attempt to invoke Rule 37(d).

**16.** The Court will not construe Defendants' motion for sanctions as a motion to compel answers to interrogatories and for sanctions under Rule 37(a) for two reasons. First, Defendants have not indicated which interrogatories State Farm failed to answer, and thus State Farm does not have specific notice of the relief sought. Second, although Rule 37(a)(5)(A) provides for sanctions, the Court may not impose sanctions without providing State Farm "an opportunity to be heard" as to whether its failure to answer certain interrogatories was "substantially justified" or whether "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A).

ber *whether he has even seen* the answers that he signed.[17] It is incomprehensible how Bowles could have verified under oath the truth of the answers to interrogatories if he had never previously seen them. *See* Bowles Dep. 75:4–76:21.[18]

### 2. *Rule 34(b)*

Federal Rule of Civil Procedure 34 governs requests for the production of documents. To the extent that Defendants' request for sanctions is based on Bowles's purported verification of responses to document requests, it is without merit.

 Rule 34 permits a party to serve on another party a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). The party receiving the request must respond to it: "the response must either state that inspection and related activities will be permitted as requested or state an objection

to the request, including the reasons." Fed. R.Civ.P. 34(b)(2)(B). As relevant here, and unlike Rule 33(b), Rule 34(b) does *not* require a party's response to a document request to be verified by the party. Rather, responses to document requests need only be certified by an attorney or unrepresented party. *See* Fed.R.Civ.P. 26(g).[19] Therefore, because Bowles was not required to "verify" any responses to document requests, State Farm has not violated Rule 34(b).[20]

## VII. CONCLUSION

Defendants' motions (doc. nos. 337, 338, and 340) will be granted in part and denied in part. The motions for summary judgment will be denied. The motion to compel additional Rule 30(b)(6) deposition testimony will be granted. The motion for sanctions will be granted as to the request for sanctions under Rule 37(b)(2)(A), and will otherwise be denied. The amount of the sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date.

An appropriate order follows.

---

17. "The fact that years later the representative may not recall the process she used to ascertain the truthfulness of the corporation's responses . . . does not necessarily undermine the veracity of the original interrogatory answers." *Shepherd v. ABC*, 62 F.3d 1469, 1482 (D.C.Cir.1995). At the same time, however, "the representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate." *Id.*

18. The question thus arises of whether State Farm's responses to interrogatories fail to comply with Rule 33(b), in that Bowles, as evidenced by his total inability to recall the answers or his verification of them, may have had no basis for verifying them under oath. As explained above, *see supra* Part V.B, if Bowles had no basis for verifying certain answers to interrogatories, then Defendants may be entitled to file a motion to compel responses to specific interrogatories that State Farm "fail[ed] to answer" or answered in an "evasive or incomplete" manner, pursuant to Rule 37(a)(1) and (a)(4), and possibly for sanctions pursuant to Rule 37(a)(5). Because Defendants have not raised these issues, and thus State Farm had no notice of such relief being sought, the Court does not decide these issues now. If a motion is filed raising these issues, the Court will address them at that time.

19. This disparity between Rules 33 and 34 is not expressly addressed by the committee's notes, the leading commentators, or any cases known to this Court. The disparity may, however, be ex-

plained by the differing functions of Rules 33 and 34. Rule 33 requires a party to provide under oath a substantive answer to a question and requires the person giving that answer to verify the truth of the answer with his or her signature. In contrast, a response under Rule 34 need only indicate whether the party will comply with the document request, and if it will not, state any objections to the document request. Indicating compliance does not require a substantive answer, but rather is a ministerial task, and thus does not require a verification. Additionally, objections to the requests are governed by Rule 26(g). See Fed.R.Civ.P. 26(g) (providing that "[e]very . . . discovery request, response, or *objection* must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented" (emphasis added)).

20. It is a separate question, however, whether Bowles's failure to recall at the Rule 30(b)(6) deposition any information in connection with the documents produced in this case, and his resultant inability to provide Defendants with a "road map" to the voluminous discovery in this case, warrants additional sanctions under Rule 37(b) or 37(d). Because Defendants have not raised these issues, and thus State Farm had no notice of such relief being sought, the Court does not decide these issues now. If the issues remain outstanding, *see* Fed.R.Civ.P. 26(f)(1), 37(d)(1)(B), and a motion is filed raising these issues, the Court will address them at that time.

### ORDER

**AND NOW**, this **7th** day of **May, 2008,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendants' motions for summary judgment, to compel additional deposition testimony, and for sanctions (doc. nos. 337, 338, and 340) are **GRANTED in part and DENIED in part.** The motion for summary judgment is denied. The motion to compel additional Rule 30(b)(6) deposition testimony is granted. The motion for sanctions is granted as to the request made under Federal Rule of Civil Procedure 37(b)(2), and is otherwise denied.

**IT IS FURTHER ORDERED** that an additional Rule 30(b)(6) deposition of Mr. Austin Bowles, and/or another appropriately prepared designee, shall take place no later than **June 9, 2008.**

**IT IS FURTHER ORDERED** that sanctions are imposed against Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company. The amount of the sanctions and the timing of payment will be decided after a hearing to be scheduled at a later date.

**IT IS FURTHER ORDERED** that the parties shall confer and submit to the Court a status update in the nature of a Rule 26(f) report by **June 16, 2008.**

**AND IT IS SO ORDERED.**